THERESE S. HARRIS (SBN 246711)
Of Counsel
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles, CA  93446
Telephone: (805) 369-2053
Facsimile: (805) 715-7824
Email: tharris@tharrislawoffice.com

Attorney for Plaintiff, GEORGE ORDONEZ

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ORDONEZ, an individual, | CASE NO: |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | DEMAND FOR A JURY TRIAL |
| HUNT & HENRIQUES, INC., | |
| Defendant. | |

Plaintiff GEORGE ORDONEZ ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant HUNT & HENRIQUES, INC. (hereinafter referred to as "Defendant" or "Hunt & Henriques"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION

1.       Plaintiff brings this action on his own behalf for damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act (hereinafter "FDCPA") and Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 et seq. (hereinafter

1    "RFDCPA" which prohibit debt collectors from engaging in abusive, deceptive and

2    unfair practices.

3        2.    According to <u>15 U.S.C. §1692</u>:

4        a.    There is abundant evidence of the use of abusive, deceptive, and

5    unfair debt collection practices by many debt collectors.  Abusive debt collection

6    practices contribute to the number of personal bankruptcies, to marital instability, to

7    the loss of jobs, and to invasions of individual privacy.

8        b.    Existing laws and procedures for redressing these injuries are

9    inadequate to protect consumers.

10       c.    Means other than misrepresentation or other abusive debt

11   collection practices are available for the effective collection of debts.

12       d.    Abusive debt collection practices are carried on to a substantial

13   extent in interstate commerce and through means and instrumentalities of such

14   commerce.  Even where abusive debt collection practices are purely intrastate in

15   character, they nevertheless directly affect interstate commerce.

16       e.    It is the purpose of this title to eliminate abusive debt collection

17   practices by debt collectors, to insure that those debt collectors who refrain from using

18   abusive debt collection practices are not competitively disadvantaged, and to promote

19   consistent State action to protect consumers against debt collection abuses.

20       3.    The California Legislature has found that: The banking and credit system

21   and grantors of credit to consumers are dependent upon the collection of just and

22   owing debts.  Unfair or deceptive collection practices undermine the public confidence

23   which is essential to the continued functioning of the banking and credit system and

24   sound extensions of credit to consumers.

25                                    **PARTIES**

26       4.    Plaintiff GEORGE ORDONEZ (hereinafter "Plaintiff"), is a natural person

27   residing in San Joaquin County, State of California.  Plaintiff is a "consumer" within

28   the meaning of 15 U.S.C. §1692a(3) and a "debtor" within the meaning of Cal. Civil

1  Code §1788.2(h).

2    5.    Defendant HUNT & HENRIQUES, INC., ("Hunt & Henriques"), is a

3  company conducting business in the State of California engaged in the business of debt

4  collection with an office at 151 Bernal Road, Suite 8, San Jose, California 95119.  The

5  principal purpose of Hunt & Henriques is the collection of debts using the mail and

6  telephone, and Hunt & Henriques regularly attempts to collect debts alleged to be due

7  another.  Hunt & Henriques is a "debt collector" within the meaning of 15 U.S.C.

8  §1692a(6) and Cal. Civil Code §1788.2(c).

9  **JURISDICTION**

10    6.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331,

11  as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has

12  pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C.

13  §1367(a).

14    7.    This action arises out of Defendants' violations of the Fair Debt Collection

15  Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

16  **VENUE**

17    8.    Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) in

18  that a substantial part of the events or omissions giving rise to the claim occurred in

19  this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C.

20  §1692k(d), in that Defendants transact business in this judicial district and the

21  violations of the FDCPA complained of occurred in this judicial district.

22  **FACTUAL ALLEGATIONS**

23    9.    Plaintiff incurred a financial obligation, namely a consumer credit

24  account.  The debt was incurred primarily for personal, family or household purposes

25  as is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and a "consumer

26  debt" as that term is defined by Cal. Civil Code §1788.2(f).

27    10.    Plaintiff is informed and believes, and thereon alleges, that sometime

28  thereafter on date unknown to Plaintiff, the debt was consigned, placed or otherwise

1  transferred to Defendants for collection from Plaintiff. Upon information and belief,
2  Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt
3  from the Plaintiff.

4      11.    Upon information and belief, and better known to the Defendant, the
5  Defendant began its collection efforts and campaign of communications with the
6  Plaintiff on July 13, 2015, by placing a telephone call and leaving a voice message on
7  the Plaintiff's telephone number (209) 896-9187.

8      12.    Defendant's message consisted of a male caller who twice identified
9  himself as "Gary Carter" from "The Law Offices of Hunt and Henriques".

10     13.    Mr. Carter stated that Defendant was "The Law Offices of Hunt and
11  Henriques" and that he was calling Plaintiff in an attempt to collect a debt by a debt
12  collector, requesting a return call to (877) 602-6922.

13     14.    The recorded greeting at the aforementioned number where Defendants
14  left their voice message (i.e., You have reached the Ordonez family, please leave a
15  message at the tone and we'll return your call shortly") explicitly states that the caller
16  has reached a family telephone which is in use by multiple individuals in the home.

17     15.    On July 13, 2015, Defendants' voice message was heard by Plaintiff's son,
18  Christian Ordonez, who consequently learned that his mother was being sought by a
19  debt collector and a law firm.

20     16.    On July 13, 2015, Plaintiff's counsel sent a demand letter to Hunt &
21  Henriques which states "[t]his firm has been retained by George Ordonez." Indicating
22  that Plaintiff is being represented by counsel.

23     17.    On July 13, 2015, communication between the undersigned attorneys and
24  Defendant commenced.

25     18.    On September 10, 2015, Plaintiff received a voice message on his
26  telephone number (209) 982-9891 stating that "The Law Office of Hunt and Henriques"
27  was calling him to collect a debt.

28  / / /

## FIRST CAUSE OF ACTION

### *(Violations of the FDCPA)*

19.    Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

20.    15 USC §1692c(b) prohibits a debt collector from disclosing to unauthorized third parties that they are a debt collector attempting to collect a debt from a consumer.

21.    The Defendant violated 15 USC §1692c(b) by disclosing to a third party, the Plaintiff's son, Christian Ordonez, that Defendant was a debt collector attempting to collect an alleged debt from the Plaintiff.

22.    15 USC §1692c(a)(2) prohibits a debt collector from communicating with a consumer concerning a debt if the debt collector knows that the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

23.    Since July 13, 2015, Defendant has been in full and complete knowledge of Plaintiff's representation and of Plaintiff's attorneys' contact information and yet directed a telephone call to Plaintiff, leaving a voice message on September 10, 2015, in violation of 15 USC §1692c(a)(2).

24.    15 USC §1692e – preface and e(10) prohibits a debt collector from using any false, deceptive or misleading representation or means in the connection with the collection of any debt.

25.    The Defendant violated 15 USC §1692e – preface by training and instructing debt collection agents to deceptively refer to Defendant's company name as "The Law Office of Hunt and Henriques" when the true name and sole identity of Defendant's company is "Hunt & Henriques," pursuant to print-out from the State of California Bar Association listing attached hereto as Exhibit "A" and the Martindale

1  Hubble "Firm Profile" for Defendant attached hereto as Exhibit "B."  Further,

2  Defendant's agent left a telephone number for Plaintiff which connects the caller with a

3  recorded greeting identifying Defendant as a law firm.  Defendant's agents refer to a

4  script as exemplified by message for Plaintiff of July 13, 2015 and September 10, 2015,

5  which repeatedly states that a law firm is calling, statements intended to create the

6  impression with the least sophisticated consumer that the caller is a lawyer calling

7  about the legal status of an alleged debt.  Any disclosure that Defendant is also

8  collecting a debt is overshadowed by identifying the caller as a law firm.  Defendant

9  has deliberately concocted said script to which its collection employees refer in their

10  telephone calls to consumers as a deceitful attempt to compel contact for the purposes

11  of furthering debt collection.

12       26.  15 USC §1692e(3) prohibits a debt collector from making the false

13  representation or implication that any individual is an attorney or that any

14  communication is from an attorney.

15       27.  Defendant violated 15 USC §1692e(3) by creating a script in use

16  by collection agents to inform consumers and Plaintiff by voice message that the caller

17  is a law office.  Such messages are left with every intention of misleading consumers

18  into the belief that Defendant's callers were attorneys and/or were employed by

19  attorneys and that their calls had legal importance, when in fact, the callers are debt

20  collection agents employed by Defendant's debt collection employer for the sole

21  purpose of debt collection.

22       28.  15 USC §1692e(14) prohibits a debt collector from the use of any business,

23  company or organization name other than the true name of the debt collector's

24  business, company or organization.

25       29.  When leaving voice messages, Defendant identifies itself to consumers

26  more than once as "The Law Office of Hunt and Henriques" when Defendant's

27  company name is only "Hunt & Henriques, Inc.," in violation of 15 USC §1692e(14).

28

30.   15 USC §1692f – preface prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

31.   The Defendant violated 15 USC §1692f - preface when it unfairly and unconscionably trained, instructed, encouraged and/or sanctioned the method of communication evidenced by Defendant's employee, "Gary Carter," on July 13, 2015 in a voice message to Plaintiff which placed deliberate and unnecessary emphasis on information that he was calling from a law firm and identifying the business name of Defendant to include "The Law Office of". Defendant unfairly and unconscionably conceived of and implemented such means and methods of telephone communication with the intention of convincing consumers that there is legal force behind said communications. Defendant's intention is clear: to intimidate and provoke the least sophisticated consumer into contacting Defendant and to be misled into complying with Defendant's demands.

32.   As a result of Defendant's neglect and carelessness in leaving a telephone message on a voice mail accessible to a third party using Plaintiff's name and debt collection disclosures, Plaintiff suffered shame and embarrassment and according to 15 USC §1692k(a)(1), Defendant is liable to Plaintiff for damages sustained because of Defendant's failure to comply with §1692 et seq. of Title 15 of the United States Code (the FDCPA) and other violations of the FDCPA.

## SECOND CAUSE OF ACTION

### *(Violations of the RFDCPA)*

33.   Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

34.   Plaintiff brings the second claim for relief against Defendant, Hunt & Henriques, only under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

35.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(h).

36.     Defendant, Hunt & Henriques, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(c).

37.     The financial obligation owed by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code §1788.2(f).

38.     Defendant has violated the RFDCPA.  The violations include, but are not limited to, the following:

a.  Disclosing to unauthorized third parties that they are a debt collector attempting to collect a debt from a consumer, pursuant to Cal. Civil Code §1788.12(b). Defendant is in violation of §1788.12(b) by disclosing to a third party, the Plaintiff's son, Christian Ordonez, that Defendant was a debt collector attempting to collect an alleged debt from the Plaintiff.

b.     Defendant is in violation of §1788.13(b) by creating a script in use by collection agents to inform consumers and Plaintiff by voice message that the caller is a law office.  Such messages are left with every intention of misleading consumers into the belief that Defendant's callers were attorneys and that their calls had legal importance, when in fact, the callers are debt collection agents employed by Defendant's debt collection employer for the sole purpose of debt collection.

c.     Defendant is in violation of §1788.13(i) by falsely representing the true nature of the business in which it is engaged.  By informing the Plaintiff that the business is "Law Offices of Hunt and Henriques" misleads consumers into the belief that Defendant's callers were attorneys and that their calls had legal importance, when in fact, the callers are debt collection agents employed by Defendant's debt collection employer for the sole purpose of debt collection.

d.  Defendant is in violation of §1788.17 by not complying with the provisions of Sections §1692b through §1692j of Title 15 of the United States Code as stated in the First Cause of Action.

39.     Hunt & Henriques' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning

of Cal. Civil §1788.30(b).

40.     As a result of Hunt & Henriques' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §1788.30(a).

41.     As a result of Hunt & Henriques' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one Hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00), pursuant to Cal. Civil Code §1788.30(b).

42.     As a result of Hunt & Henriques' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000.00 pursuant to Cal. Civil Code §1788.17.

43.     As a result of Hunt & Henriques' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.

44.     Pursuant to Cal. Civil Code §1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

**DEMAND FOR TRIAL BY JURY**

45.     Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this court:

a.      Assume jurisdiction in this proceeding;

b.      Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692k(a)(1);

c.      Declare that Hunt & Henriques violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.17 and 1788.30;

d.      Award Plaintiff actual damages in an amount to be determined at

1    trial, pursuant to 15 U.S.C. §1692k(a)(1) and Cal. Civil Code

2    §1788.30(a);

3           e.     Award Plaintiff statutory damages in an amount not exceeding

4    $1,000.00, pursuant to 15 U.S.C. §1692d(a)(2)(A);

5           f.      Award Plaintiff a statutory penalty in an amount not less than

6    $100.00 or greater than $1,000.00, pursuant to Cal. Civil Code

7    §1788.30(b);

8           g.    Award Plaintiff statutory damages in an amount not exceeding

9    $1,000.00, pursuant to Cal. Civil Code §1788.17;

10          h.    Award Plaintiff the costs of this action and reasonable attorney's

11   fees pursuant to 15 U.S.C. §1692k(a)(3) and Cal. Civil Code §§

12   1788.17 and 1788.30(c);

13          i.      Award Plaintiff such other and further relief as may be just and

14   proper.

15

16   Dated: July 12, 2016                   Respectfully submitted,

17

18                              /s/ Therese S. Harris, Esq.

19                              THERESE S. HARRIS (SBN 246711)
                           Of Counsel

20                              M. Harvey Rephen & Associates, P.C.
                           935 Riverside Avenue, Suite 7B

21                              Paso Robles, CA  93446
                           Telephone: (805) 369-2053

22                              Facsimile: (805) 715-7824
                           Email: tharris@tharrislawoffice.com

23                              Attorney for Plaintiff, GEORGE ORDONEZ

24

25

26

27

28

COMPLAINT

To:     HUNT & HENRIQUES, INC.
        151 Bernal Road, Suite 8
        San Jose, CA  95119
        (408) 362-2270

        *(Via Prescribed Service)*

        Office of the Clerk of the Court
        Eastern District of California
        United States District Court
        501 I Street, 4th Floor
        Sacramento, CA 95814
        (916) 930-4000

        *(Via electronic filing)*

*Ordonez v. Hunt & Henriques*

COMPLAINT