1   **THERESE S. HARRIS (SBN 246711)**
    OF COUNSEL
2   M. HARVEY REPHEN & ASSOCIATES, P.C.
    935 RIVERSIDE DRIVE, SUITE 7B
3   PASO ROBLES, CA 93446
    Telephone: 805-369-2053
4   Facsimile:   805-715-7824
    tharris@tharrislawoffice.com
5
6   Attorney for Plaintiff, GEORGE ORDONEZ
7
8                **UNITED STATES DISTRICT COURT**
9                **EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  GEORGE ORDONEZ, | CASE NO:   2:16-cv-01596-TLN-GG |
| 12              Plaintiff, | PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S |
| 13       vs. | OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT'S SPECIAL |
| 14  HUNT & HENRIQUES, INC., | MOTION TO STRIKE UNDER CCP §425.16 |
| 15              Defendant. | Date:         October 6, 2016 |
| 16  _____ | Time:         2:00 p.m. Courtroom:     2 |
| 17  HUNT & HENRIQUES, INC., | Judge:       Honorable Troy L. Nunley |
| 18              Counterclaimant, | |
| 19       vs. | |
| 20  GEORGE ORDONEZ, CHRISTIAN | |
| 21  ORDONEZ, and DOES 1 through 10, inclusive, | |
| 22              Counterdefendants. | |

23
24
25
26
27
28

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

# TABLE OF CONTENTS

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.  LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    A.  DEFENDANTS HAVE FAILED TO SATISFY DEFENDANTS'
        BURDEN WITH REGARD TO THE FIRST PRONG OF
        CALIFORNIA CODE OF CIVIL PROCEDURE §425.16 . . . . . . . . . . . . . 10

    B.  PLAINTIFF CAN DEMONSTRATE A PROBABILITY OF
        SUCCESS ON EACH OF PLAINTIFF'S CLAIMS . . . . . . . . . . . . . . . . . . 13

        1.  Plaintiff's Complaint reasonably asserts that that
            Defendant violated the RFDCPA . . . . . . . . . . . . . . . . . . . . . . . . . . 15

            a.  Plaintiff sufficiently alleges that Defendant is a
                "debt collector" as defined by the FDCPA;
                and RFDCPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

            b.  Plaintiff sufficiently alleges that Defendant violated
                the FDCPA; and RFDCPA . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

            c.  The litigation privilege does not apply to this action . . . . . 16

V.  ATTORNEY FEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

1

## TABLE OF AUTHORITIES

2

*A.F. Brown Electrical Contractor, Inc., v. Rhino Electric Supply, Inc.,*
     137 Cal. App. 4th 1118 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Butler v. Resurgence Fin., LLC,*
     521 F. Supp. 2d 1093 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*City of Cotari v. Cashman,*
     29 Cal. App. 4th 69 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*ComputerXpress, Inc. v. Jackson,*
     93 Cal. App. 4th 993 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Consumer Justice Center v. Trimedica Int'l, Inc.,*
     107 Cal. App. 4th 595 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Covarrubias v. Union Adjustment Co.,*
     2014 Cal. App. Unpub. LEXIS 5680 (2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Equilon Enterprises v. Consumer Cause, Inc.,*
     29 Cal. 4th 53 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 14

*Flatly v. Mauro,*
     Cal. 4th at 326 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Foundation for Taxpayer and Consumer Rights v. Garamendi,*
     132 Cal. App. 4th 1375 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Fox Searchlight Pictures, Inc., v. Paladino,*
     89 Cal. App. 4th 294 (2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Heintz v. Jenkins,*
     514 U.S. 291 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Irwin v. Mascott,*
     112 F. Supp. 2d 937 (N.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

*Jarrow Formula, Inc. v. LaMarche,*
    31 Cal. 4th 728 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10, 14

*Komarova v. Nat'l Credit Acceptance, Inc.,*
    175 Cal. App. 4th 324 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Mann v. Quality Old Time Service, Inc.,*
    120 Cal. App. 4th 90 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Martinez v. Metabolife Internat., Inc.,*
    113 Cal. App. 181 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

*Mello v. Great Seneca Financial Corp.,*
    562 F. Supp. 3d 1024 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 19

*Metabolife, Intl., Inc. v. Wornick,*
    264 F.3d 832 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Moore v. Shaw, et al.,*
    116 Cal. App. 4th 182 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Navellier v. Sletten,*
    29 Cal. 4th 82 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Oei v. N. Start Capital Acquisitions, LLC,*
    486 F. Supp. 2d 1089 (C.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Olsen v. Harbison,*
    134 Cal. App. 4th 278 (Cal. App. 3d Dist. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Oxygenated Fuels As'n v. Davis,*
    331 F.3d 665 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Paul for Council v. Honyecz,*
    85 Cal. App. 4th at 1365 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*People v. Persolve, LLC.*
    218 Cal. App. 4th 1267 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

*People ex. Rel. Lockyer v. Brar,*
     115 Cal. App. 4th 1319 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Rosenthal v. Great Western Fin. Securities Corp.,*
     14 Cal. 4th 394 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Rouse v. Law Offices of Rory Clark,*
     465 F. Supp. 2d 1031 (S.D. Cal. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 13

*Santos v. LVNV Funding, LLC,*
     2012 U.S. Dist. LEXIS 8090 (N.D. Cal. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Security Pac. Nat'l Bank v. Resolution Tr. Corp.,*
     63 F.3d 900 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Schekhter v. Financial Indemnity Co.,*
     89 Cal. App 4th at 151 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Soukup v. Law Offices of Herbert Hafif,*
     39 Cal. 4th at 269 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Townsend v. Nat'l Arbitration Forum, Inc.,*
     2012 U.S. Dist. LEXIS 590 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Truong,*
     2013 U.S. Dist. LEXIS 16332 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Varian Medical Systems, Inc. v. Delfino,*
     35 Cal. 4th 180 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Verizon Del. Inc. v. Covad Communs, Co.,*
     377 F.3d 1081 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 16

*Welker v. Law Office of Horwitz,*
     626 F. Supp. 2d 1068 (S.D. Cal. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Wilbanks v. Wolk,*
     121 Cal. App. 4th 883 (Cal. App. 1st Dist. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . 15

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

*Wilson v. Parker, Covert & Chidester,*
        28 Cal. 4th 811 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Yates v. Allied Int'l Credit Corp.,*
        578 F. Supp. 2d 1251 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

## I.   <u>INTRODUCTION</u>

On July 12, 2016, Plaintiff, GEORGE ORDONEZ ("Plaintiff") filed Plaintiff's Complaint against Defendant, HUNT & HENRIQUES, INC., ("HHI" or "Defendant") due to Defendants' numerous and continuous violations of the (i) the Fair Debt Collection Practices Act, *15 U.S.C. §1692, et seq.* ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788, et seq.* ("RFDCPA"). [Plaintiff's Complaint, ECF No. 1 ("Complaint")]. Thereafter, HHI, the moving party, was served on August 12, 2016. [ECF No. 5]. Defendant filed the Anti-SLAPP Motion to Strike Complaint on September 1, 2016 [ECF No. 8] because Plaintiff's Complaint named Hunt & Henriques, Inc. as a Defendant and the Defendant did not become an incorporated entity until January 2016, after the FDCPA and RFDCPA violations occurred. Defendant's Anti-SLAPP Motion to Strike Complaint is frivolous and could have been remedied by stating, "erroneously sued as" or granted the Plaintiff leave to amend the Complaint and not to waste the Court's time or cause Plaintiff undue attorney's fees and costs.

## II.   <u>STATEMENT OF FACTS</u>

Plaintiff is alleged to have incurred an alleged debt, namely a consumer credit account. [Complaint, ¶ 9]. However, Plaintiff disputes the validity of this debt. [*Id*.]. The original creditor retained HHI to engage in collection activity. [*Id*. at ¶ 10]. In this regard, H&H on behalf of a third party, began efforts to collect an alleged consumer debt from the Plaintiff. [*Id*. at ¶ 10].

Defendant began its' collection efforts and campaign of communications on July 13, 2015, by placing a telephone call and leaving a voice message on the Plaintiff's telephone number (209) 896-9187. [*Id*. at ¶ 11]. Defendant's message consisted of a male caller who twice identified himself as "Gary Carter" from "The Law Offices of Hunt and Henriques". [*Id*. at ¶ 12]. Mr. Carter stated that Defendant was "The Law Offices of Hunt and Henriques" and that he was calling Plaintiff in an attempt to collect a debt by a debt collector, requesting a return call to (877) 602-6922. [*Id*. at ¶ 13].

1   The recorded greeting at the aforementioned number where Defendants left their voice

2   message (i.e., You have reached the Ordonez family, please leave a message at the tone

3   and we'll return your call shortly") explicitly states that the caller has reached a family

4   telephone which is in use by multiple individuals in the home.  [*Id.* at ¶ 14].  On July

5   13, 2015, Defendants' voice message was heard by Plaintiff's son, Christian Ordonez,

6   who consequently learned that his father was being sought by a debt collector and a

7   law firm.  [*Id.* at ¶ 15].  On July 13, 2015, Plaintiff's counsel sent a demand letter to

8   Hunt & Henriques which states "[t]his firm has been retained by George Ordonez."

9   Indicating that Plaintiff is being represented by counsel.  [*Id.* at ¶ 16].  On July 13, 2015,

10   communication between the undersigned attorneys and Defendant commenced.  [*Id.* at

11   ¶ 17].  On September 10, 2015, Plaintiff received a voice message on his telephone

12   number (209) 982-9891 stating that "The Law Office of Hunt and Henriques" was

13   calling him to collect a debt.  [*Id.* at ¶ 18].

14   Through this conduct, Defendant violated numerous provisions of both the

15   FDCPA; and, RFDCPA.  [*Id.* at ¶¶ 19-44].  In addition, the telephone call made by

16   Defendant on September 10, 2015, directly to Plaintiff despite Defendant's knowledge

17   that Plaintiff was represented by an attorney with regard to the alleged debt at issue

18   also violated the FDPCA [ *Id.* at ¶¶ 22-23]; and, RFDCPA.  [*Id.* at ¶ 38(d)].  Plaintiff also

19   asserts that Defendant acted negligently as a result of the conduct described herein.

20   [*Id.* at ¶¶ 39-44].

21   ## III.   **LEGAL STANDARD**

22   Resolution of an anti-SLAPP Motion requires the Court to engage in a two-step

23   process.  *Jarrow Formula, Inc. v. LaMarche* (2003) 31 Cal. 4th 728, 733, [3 Cal. Rptr. 3d 636,

24   74 P.3d 737].

25   "First, the Court decides whether the Defendant has made a

26   threshold showing that the challenged cause of action is one

27   arising from protected activity.  The moving defendant's burden is

28   to demonstrate that the act or acts of which the Plaintiff complains

were taken 'in furtherance of the [defendant]'s right of petition or

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute (§425.16, subd. (b)(1).)  If the Court finds such a showing has been made, it then determines whether the Plaintiff has demonstrated a probability of prevailing on the claim."

*Id*., citing *Equilon Enterprises v. Consumer Cause, Inc*. (2002) 29 Cal. 4th 53, 67 [124 Cal. Rptr. 2d 507, 52 P.3d 685].

If the Plaintiff can establish a probability of prevailing on its claim, then the Anti-SLAPP Motion fails.  *Id*.  To satisfy this burden, the Plaintiff must show that the "complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Metabolife, Intl., Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001).  In determining the probability that a claim will prevail on the merits, the Court should consider "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based."  *See Cal. Civ. Code §425.16*.  The Court must also "accept[] as true all evidence favorable to the plaintiff."  *Rouse v. Law Offices of Rory Clark,* 465 F. Supp. 2d 1031, 1033 (S.D. Cal. 2006) citing to *Consumer Justice Center v. Trimedica International, Inc*., 107 Cal. App. 4th 595, 605 (2003).

Moreover, "[b]oth the Legislature and the Supreme Court have acknowledged the ironic unintended consequence that anti-SLAPP procedures, enacted to curb abusive litigation, are also prone to abuse."  *Olsen v. Harbison*, 134 Cal. App. 4th 278, 283 (Cal. App. 3d Dist. 2005) citing to *Cal. Civ. Code §425.17* ("The Legislature finds and declares that there has been a disturbing abuse of Section 425.16..."); *Varian Medical Systems, Inc. v. Delfino*, 35 Cal. 4th 180 (some defendants "may [be] encourage[d] to 'misuse the [anti-SLAPP] motions to delay meritorious litigation or for other purely strategic purposes."); and, *People ex rel. Lockyer v. Brar*, 115 Cal. App. 4th 1319 (2004) (same).

The Ninth Circuit has held that "granting a defendant's anti-SLAPP Motion to Strike a Plaintiff's initial complaint without granting the plaintiff leave to amend

1  would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendments."

2  See *Verizon Del. Inc. v. Covad Communs. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

3      For the reasons discussed below, Defendants' Motion should be denied.

4  **IV.**  <u>**ARGUMENT**</u>

5      Defendants' Motion should be denied because: (A) Defendants have failed to

6  satisfy Defendants' burden with regard to the first prong of *California Code of Civil*

7  *Procedure §425.16*; and, (B) Plaintiff can demonstrate a probability of success on each of

8  Plaintiff's claims.

9  **A.**    **DEFENDANTS HAVE FAILED TO SATISFY DEFENDANTS'**

10      **BURDEN WITH REGARD TO THE FIRST PRONG OF CALIFORNIA CODE**

11      **OF CIVIL PROCEDURE §425.16.**

12      As a threshold matter, the moving Defendant's burden is to show the

13  challenged action arises from protected activity.  *Jarrow Formula, Inc.*, 31 Cal. 4th at 733.

14  Only if the moving party demonstrates this burden, does the matter shift to the

15  Plaintiff to demonstrate a probability of prevailing in the litigation.  *Shekhter v. Financial*

16  *Indemnity Co.*, 89 Cal. App. 4th at 151; *Fox Searchlight Pictures, Inc. v. Paladino*, 89 Cal.

17  App. 4th 294, 307 (2001) ("to invoke the protection of the SLAPP statute, [defendant

18  must show] the challenged lawsuit arose from an act on the part of the defendant in

19  furtherance of her right of petition or free speech"); and, *Paul for Council v. Honyecz*, 85

20  Cal. App. 4th at 1365 ("defendant must present a prima facie showing that the plaintiff's

21  causes of action arise from acts of the defendant taken to further the defendant's rights

22  of free speech or petition in connection with a public issue).

23      Similarly, "[t]hat a cause of action arguably may have been triggered by

24  protected activity does not entail that it is one arising from that activity."  *City of Cotari*

25  *v. Cashman*, 29 Cal. 4th 69, 78 (2002).  This rule of law has been widely applied.  In

26  *Moore*, the Court concluded that a mere relationship to protected activity was itself not

27  SLAPP protected.  *Moore v. Shaw, et al.*, 116 Cal. App. 4th 182, 185 (2004).  Stated another

28  way, "'the act underlying the plaintiff's cause' or 'the act which forms the basis for the

plaintiff's cause of action' must itself have been an act in furtherance of the right of petition or free speech."  *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1003 (2001).  "It is the principal thrust or gravamen of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies, and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on protected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute."  *Martinez v. Metabolife Internat., Inc.*, 113 Cal. App. 181, 188 (2003).

Here, Defendant is required to misconstrue Plaintiff's Complaint to avoid admitting that the gravamen of Plaintiff's action is merely incidental to protected activity.  As discussed therein, Plaintiff asserts that Defendant violated the FDCPA and RFDCPA as follows:

By disclosing to a third party, the Plaintiff's son, Christian Ordonez, that Defendant was a debt collector attempting to collect an alleged debt from the Plaintiff.  [*Id.* at ¶ 21];

By contacting Plaintiff directly even though the Defendant knew that Plaintiff was represented by an attorney.  Since July 13, 2015, Defendant has been in full and complete knowledge of Plaintiff's representation and of Plaintiff's attorneys' contact information and yet directed a telephone call to Plaintiff, leaving a voice message on September 10, 2015.  [*Id*. at ¶ 23];

By training and instructing debt collection agents to deceptively refer to Defendant's company name as "The Law Office of Hunt and Henriques" when the true name and sole identity of Defendant's company is "Hunt & Henriques".  Further, Defendant's agent left a telephone number for Plaintiff which connects the caller with a recorded greeting identifying Defendant as a law firm.  Defendant's agents refer to a script as exemplified by message for Plaintiff of July 13, 2015 and September 10, 2015, which repeatedly states that a law firm is calling, statements intended to create the impression with the least sophisticated consumer that the caller is a lawyer calling

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

1   about the legal status of an alleged debt.  Any disclosure that Defendant is also

2   collecting a debt is overshadowed by identifying the caller as a law firm.  Defendant

3   has deliberately concocted said script to which its collection employees refer in their

4   telephone calls to consumers as a deceitful attempt to compel contact for the purposes

5   of furthering debt collection.  [*Id.* at ¶ 25];

6       By creating a script in use by collection agents to inform consumers and Plaintiff

7   by voice message that the caller is a law office.  Such messages are left with every

8   intention of misleading consumers into the belief that Defendant's callers were

9   attorneys and/or were employed by attorneys and that their calls had legal importance,

10  when in fact, the callers are debt collection agents employed by Defendant's debt

11  collection employer for the sole purpose of debt collection.  [*Id.* at ¶ 27];

12      By leaving voice messages, Defendant identifies itself to consumers more than

13  once as "The Law Office of Hunt and Henriques" when Defendant's company name is

14  only "Hunt & Henriques, Inc."  [*Id.* at ¶ 29];

15      When Defendant unfairly and unconscionably trained, instructed, encouraged

16  and/or sanctioned the method of communication evidenced by Defendant's employee,

17  "Gary Carter," on July 13, 2015 in a voice message to Plaintiff which placed deliberate

18  and unnecessary emphasis on information that he was calling from a law firm and

19  identifying the business name of Defendant to include "The Law Office of".  Defendant

20  unfairly and unconscionably conceived of and implemented such means and methods

21  of telephone communication with the intention of convincing consumers that there is

22  legal force behind said communications.  Defendant's intention is clear: to intimidate

23  and provoke the least sophisticated consumer into contacting Defendant and to be

24  misled into complying with Defendant's demands.  [*Id.* at ¶ 31].

25      In support of the contention that Plaintiff is using this litigation to

26  inappropriately stifle Defendant's free speech, Defendant has failed to consider any

27  applicable authority examining a debt collector's conduct in relation to the allegations

28  set forth in the Complaint.  Had Defendant done so, Defendant would have

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

1   determined that various California District Courts have held that the above listed

2   conduct of the Defendant are grounds for an FDCPA and/or RFDCPA violations.  Since

3   the allegations of Plaintiff's Complaint relate to the Defendant disclosing to

4   unauthorized third parties that they are attempting to collect a debt; contact with a

5   represented party; using false, deceptive or misleading representations to collect a

6   debt; making false representation or implication that any individual is an attorney or

7   that communication is from an attorney; misrepresenting the true name of the

8   business; and using unfair or unconscionable means in connection with the collection

9   of a debt, Defendant cannot meet Defendant's initial burden.   When the moving party

10   "fails to meet their initial burden, the court need not consider whether plaintiff has

11   demonstrated a probability of success before denying a special motion to strike."

12   *Rouse*, 465 F. Supp. at 1038 citing to *A.F. Brown Electrical Contractor, Inc. v. Rhino Electric*

13   *Supply, Inc.*, 137 Cal. App. 4th 1118, 1129 (2006); *Navellier v. Sletten*, 29 Cal 4th 82 (2002) at

14   89 ("Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute – i.e.,

15   that arises from protected speech or petitioning *and* lacks even minimal merit – is a

16   SLAPP, subject to being stricken under the statute"); and *Martinez*, 113 Cal. App. 4th at

17   193 (unless defendants carry their burden at the first step of the anti-SLAPP analysis to

18   show the suit arises from acts in furtherance of their protected activity, the court must

19   deny the motion).  The Defendant claims the Plaintiff sued the wrong Defendant as the

20   basis of why the claims will fail.  The Plaintiff is requesting the court allow to amend

21   the complaint to correct this issue.  Since the conduct at issue in Plaintiff's Complaint is

22   either ministerial or merely incidental to protected activity, Defendant's Motion should

23   be denied.

24       **B.      PLAINTIFF CAN DEMONSTRATE A PROBABILITY OF SUCCESS**

25             **ON EACH OF PLAINTIFF'S CLAIMS.**

26       Since Defendant does not satisfy Defendant's burden, Defendant's Motion

27   should be denied.  In an abundance of caution however, Plaintiff fully addressed

28   Plaintiff's own burden in order to establish that Plaintiff may demonstrate a

1   probability of success on each of Plaintiff's claims.

2          If a Court ruling on an anti-SLAPP Motion concludes the challenged cause of

3   action arises from protected petitioning, it then "determines whether the plaintiff has

4   demonstrated a probability of prevailing on the claim." *Equilon, 29 Cal. 4th at 67*.  To

5   satisfy this second prong, the plaintiff must "state[] and substantiate[] a legally

6   sufficient claim."  *Rosenthal v. Great Western Fin. Securities Corp.* 14 Cal. 4th 394, 412

7   (1996).  "Put another way, the plaintiff 'must demonstrate that the complaint is both

8   legally sufficient and supported by a sufficient prima facie showing of facts to sustain a

9   favorable judgment if the evidence submitted by the plaintiff is credible.'"  *Jarrow*,

10  *supra*, 31 Cal. 4th at 741 citing *Wilson v. Parker, Covert & Chidester* (2002) 28 Cal. 4th 811,

11  821 [123 Cal. Rptr. 2d 19, 50 P.3d 733], *Mello v. Great Seneca Financial Corp.*, 562 F. Supp.

12  3d 1024, 1029 (C.D. Cal. 2007) citing *Mann v. Quality Old Time Service, Inc.*, 120 Cal.

13  App. 4th 90, 106, 15 Cal. Rptr. 3d 215 (2004) (internal citation omitted).  To satisfy

14  Defendant's burden, Defendant must establish that Plaintiffs' Complaint lacks even

15  minimal merit.  *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (Cal. 2002).

16         As explained by the California Supreme Court, the Court "does not weigh the

17  competing evidence" in ruling upon an anti-SLAPP Motion.  *Covarrubias v. Union*

18  *Adjustment Co.*, 2014 Cal. App. Unpub. LEXIS 5680, at *13, 2014 WL 3907971 (2014).

19  "[W]e neither 'weigh credibility [nor] compare the weight of the evidence.  Rather,

20  [we] accept as true the evidence favorable to the plaintiff and evaluate the defendant's

21  evidence only to determine if it has defeated that submitted by plaintiff as a matter of

22  law."  *Flatly v. Mauro*, 39 Cal. 4th at 326; S*oukup v. Law Offices of Herbert Hafif*, 39 Cal. 4th

23  at 269; *Wilson v. Parker, Covert & Chidster*, 28 Cal 4th 811, 821 (2002).

24         Here, Defendant initially admit that Plaintiff states a valid cause of action

25  pursuant to the FDCPA by not attacking any of Plaintiff's FDCPA allegations.  In

26  resisting a SLAPP motion, the Plaintiff need not produce evidence that he or she can

27  recover on every possible point argued.  "It is enough that the plaintiff demonstrates

28  that the suit is viable, so that the court should deny the special motion to strike and

1  allow the case to go forward." *Wilbanks v. Wolk*, 121 Cal. App. 4th 883, 905 (Cal. App. 1st

2  Dist. 2004).   Similarly, Plaintiff's RFDCPA claims also maintain a probability of

3  success.

4        **1.**    **Plaintiff's Complaint reasonably asserts that that Defendant**

5  **violated the RFDCPA.**

6        First, Defendants erroneously assert that Plaintiff's Complaint fails to allege that

7  Defendant is a "debt collector" as defined by the FDCPA and RFDCPA; or that

8  Defendant violated either the FDCPA or RFDCPA because HHI never engaged in any

9  business operation of any kind, whether debt collection or otherwise.  As stated above,

10 the Plaintiff is requesting leave to amend the complaint to address the Defendant's

11 actual name.  This amendment will satisfy Defendant's argument.

12       **a.**    **Plaintiff sufficiently alleges that Defendant is a "debt**

13 **collector" as defined by the FDCPA; and RFDCPA.**

14       Defendant's argument that it denies that it is engaged in any collection activity

15 of any kind with Plaintiff, his counsel, or anyone else is and that Defendant is a

16 recently-formed corporation that has no employees and has never conducted any

17 business based on the business' incorporation date is insincere. [Defendant's Motion,

18 7:18-22]  In Defendant's Motion, Defendant makes several references to "Hunt &

19 Henriques" and has knowledge of Hunt & Henriques collection practices and facts of

20 pertaining to this case.  Thus, Defendant cannot contradict these allegations at this

21 point in support of Defendant's Motion and Defendant's Motion should be denied.  A

22 simple amendment to the Complaint, would remedy Defendant's argument.

23       **b.**    **Plaintiff sufficiently alleges that Defendant violated the**

24 **FDCPA; and RFDCPA.**

25       To support Defendant's position that Plaintiff has not alleged that Defendant

26 violated the FDCPA and RFDCPA, Defendant repeatedly cite to inapplicable authority

27 that did not consider the situation at bar or even the causes of action currently pending

28 before this Court.  Hunt & Henriques repeatedly violated the FDCPA and RFDCPA

1    prior to its' incorporation and is in fact the same entity as Hunt & Henriques, Inc.

2         Moreover, Plaintiff also moves this Court for leave to amend Plaintiff's

3    Complaint.  As a result of Defendant's Motion, Plaintiff learned for the first time that

4    prior to January 2016, the Defendant was known only as "Hunt & Henriques". As

5    discussed previously, the Ninth Circuit held that "granting a defendant's anti-SLAPP

6    Motion to Strike a Plaintiff's initial complaint without granting the plaintiff leave to

7    amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal

8    amendments." See *Verizon Del. Inc. v. Covad Communs, Co.*, 377 F.3d 1081, 1091 (9th Cir.

9    2004).  ("the purpose of the anti-SLAPP statute, the early dismissal of meritless claims,

10   would still be served if plaintiff eliminated the offending claims from their original

11   complaint.  If offending claims remain in the first emended complaint, the anti-SLAPP

12   remedies remain available to defendants."  *Id.*  Thus, Plaintiff should be granted leave

13   to amend Plaintiff's Complaint to assert these additional violations in addition to the

14   meritorious allegations currently pled in Plaintiff's Complaint.

15              **c.    The litigation privilege does not apply to this Action.**

16        Defendant's fail to take into account that the United States Supreme Court and

17   the Ninth Circuit has explicitly rejected the very argument at issue in Defendant's

18   Motion.  Specifically, the United States Supreme Court has held that when attorneys

19   collect debts, they are debt collectors as defined by the FDCPA.  *Heintz v. Jenkins*, 514

20   U.S. 291 (1995).  In that same decision, the Supreme Court held that any claim of

21   litigation privilege is "unconvincing" since FDCPA applies to the activity of attorneys.

22   *Id.* at 299.  Specifically, the Unites States Supreme Court explained that,

23              "the FDCPA must be read to apply to lawyers engaged in
24              consumer debt-collection litigation for two rather strong reasons.
              First, a lawyer who regularly tries to obtain payment of consumer
25              debts through legal proceedings meets the Act's definition of
              "debt collector": one who "regularly collects or attempts to,
26              directly or indirectly, [consumer] debts owed…another," 15 U.S.C.
              §1692a(6).  Second, although an earlier version of that definition
27              expressly excluded "any attorney-at-law collection a debt as an
28

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

attorney on behalf of or in the name of a client," Congress repealed this exemption in 1986 without creating a narrower, litigation-related exemption to fill the void.   Heinz's arguments for nonetheless inferring the latter type of exemption – (1) that many of the Act's requirements, if applied directly to litigation activities, will create harmfully anomalous results that Congress could not have intended; (2) that a postenactment statement by one of the 1986 repeal's sponsors demonstrates that, despite the removal of the earlier blanket exemption, the Act [FDCPA] still does not apply to lawyers' litigation activities; and, (3) that a nonbinding "Commentary" by the Federal Trade Commission's staff establishes that attorneys engage in sending dunning letters and other traditional debt-collection activities are covered by the Act, while those who practice is limited to legal activities are not – are unconvincing."

Further evidence that Congress did not envision a litigation privilege is in the statute itself.  As a part of the FDCPA, in *15 U.S.C. §1692i*, Congress provides that any debt collector who brings legal action on a debt against a consumer must sue in the proper venue or violate the Act.  If a litigation privilege existed, section 1692i would be superfluous.  As this Court is aware "[w]e must avoid a construction which renders any language of the enactment superfluous."  *Security Pac. Nat'l Bank v. Resolution Tr. Corp.*, 63 F.3d 900, 904 (9th Cir. 1995)  ("Only where a sensible result is not reachable may we resort to the drastic step of ignoring….statutory language…").

Moreover, in *Yates v. Allied Int'l Credit Corp.*, 578 F. Supp. 2d 1251 (S.D. Cal. 2008), the Court further reiterated that the litigation privilege does not apply to the FDCPA.

"The [United States] Supreme Court has previously held that the FDCPA applied to the litigation activities of attorneys who regularly engage in debt collection.  (Internal citations omitted.) This Supreme Court decision further supports the conclusion that the litigation privilege would not override a law protecting against unfair debt collection practices."

1    Since the United States Supreme Court decision in *Heintz*, a significant number

2    of Courts within the Ninth Circuit have refused to apply to the litigation privilege to

3    the FDCPA or RFDCPA.  *Truong*, 2013 U.S. Dist. LEXIS 16332, at \*18.  In Truong, the

4    Court provided a number of decisions within California wherein the Court explicitly

5    refused to apply the litigation privilege.  For example,

6         See *Santos v. LVNV Funding, LLC*, 2012 U.S. Dist. LEXIS 8090, 2012
7         WL 216398 (N.D. Cal. 2012) ("The California litigation privilege
          does not apply to FDCPA claims."); *Welker v. Law Office of Horwitz*,
8         626 F. Supp. 2nd 1068, 1072 (S.D. Cal. 2009) ("[T]he Court finds
9         ample authority that [California Civil Code §47(b)] should not be
          applied to claims arising under the FDCPA or California's
10        Rosenthal Act."

11

12   Other California District Courts have also rejected the application of the

13   litigation privilege to either the FDCPA or RFDCPA.  For example, following a detailed

14   analysis, the Honorable Margaret M. Morrow of the Central District of California

15   explicitly held that the litigation privilege does not apply to either the FDCPA or

16   RFDCPA.  *Oei v. N. Start Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1098 (C.D. Cal.

17   2006).  In reviewing the defendant's litigation privilege argument, Judge Morro

18   explained that "[i]t is well settled that the Supremacy Clause of the United States

19   Constitution grants Congress the power to preempt state and local laws.  See, e.g.

20   *Oxygenated Fuels As'n v. Davis*, 331 F.3d 665, 667 (9th Cir. 2003)"  *Oei*, 486 F. Supp at

21   1098.  "As a result, it is equally well settled that the California litigation privilege does

22   not apply to federal causes of action, including FDCPA claims.  See *Irwin v. Mascott*,

23   112 F. Supp. 937, 962-63 (N.D. Cal. 2004) (holding that the litigation privilege is

24   inapplicable to claims under the FDCPA)."  *Id.*

25   In addition, the litigation privilege was also rejected by the Central District of

26   California in *Townsend v. Nat'l Arbitration Forum, Inc.*, 2012 U.S. Dist. LEXIS 590, at \*35,

27   2012 WL 12736 (C.D. Cal. 2012); *Butler v. Resurgence Fin., LLC*, 521 F. Supp. 2d 1093,

28   1096-1097 (C.D. Cal. 2007) ("If the litigation privilege were allowed to swallow the

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

1    protections of the Rosenthal Act, the Legislature's purpose could not be effectuated.

2    Therefore, in light of these considerations, we conclude that the litigation privilege

3    does not apply to the provisions of the Rosenthal Act.") and, *Mello v. Great Seneca Fin.*

4    *Corp.*, 526 F. Supp. 2d 1024, 1031 (C.D. Cal. 2007) (Thus the litigation privilege cannot

5    immunize [defendant]'s state court lawsuit from liability under California's more

6    specific consumer protection statute, the Rosenthal Act.").

7        This position has also been upheld by California Appellate Court Opinions that

8    post-date the authority relied upon Defendant.  Specifically, *Komarova v. National Credit*

9    *Acceptance, Inc.*, 175 Cal. App. 4th 324, 336-337 (2009) explained that the litigation

10   privilege could not be used to shield violations of the RFDCPA.  The Court noted that

11   conduct prohibited by RFDCPA would be negated by the litigation privilege and that a

12   debt collector could immunize illegal merely by filing a lawsuit.  In addition, the

13   California Appellate Court in *People v. Persolve, LLC*, 218 Cal. App. 4th 1267 (2013) also

14   declined to apply litigation privilege to the RFDCPA explaining that such applications

15   would render the RFDCPA inoperable. *Id.* at 1275.

16       Based on the plethora of authority discussed above, it is readily apparent that

17   the litigation privilege does not apply to the FDCPA and RFDCPA and Defendant has

18   failed to provide valid authority of this assertion.  Therefore, Defendant's Motion

19   should be denied.

20   ## V.   **ATTORNEY FEES**

21       According to *Anti-SLAPP Statute 425.16(c)(1)*, "except as provided in paragraph

22   (2), in any action subject to subdivision (b), a prevailing defendant on a special motion

23   to strike shall be entitled to recover his or her attorney's fees and costs.  If the court

24   finds that a special motion to strike is frivolous or is solely intended to cause

25   unnecessary delay, the court shall award costs and reasonable attorney's fees to a

26   plaintiff prevailing on the motion, pursuant to Section 128.5."

27       The imposition of sanctions for a frivolous special motion to strike complaint

28   under anti-SLAPP statute is mandatory; a court must use the procedures and apply the

1  substantive standards of general sanctions statute in deciding whether to award

2  attorney fees under the anti-SLAPP statute for filing a frivolous motion. *Code Civ. Proc.*

3  *§ 128.5(b)(2), Code Civ. Proc. § 425.16(c).  Foundation for Taxpayer and Consumer Rights v.*

4  *Garamendi,* 132 Cal. App. 4th 1375, 34 Cal. Rptr. 3d 368 (2d Dist. 2005).

5       Defendant's Anti-SLAPP Motion to Strike has no merit.  Their sole reason is that

6  Plaintiff sued Hunt & Henriques, Inc. instead of Hunt & Henriques.  A simple phone

7  call to Plaintiff's Counsel with a Stipulation to Amend the Complaint would have been

8  much easier and saved thousands of dollars on attorney fees.  Hunt & Henriques

9  standard procedures when a Complaint is filed against them for violation of the

10  FDCPA and RFDCPA is to file a meritless Anti-SLAPP Motion to delay the proceeding

11  and to cause unnecessary time and costs for Plaintiff's to respond to said frivolous

12  motions.  Just this past February 2016, United States District Judge Beth Labson

13  Freeman filed her Order on Hunt & Henriques Anti-SLAPP motion stating "[t]he

14  Ninth Circuit has held that 'granting a defendant's anti-Slapp Motion to Strike a

15  Plaintiff's initial complaint without granting the plaintiff leave to amend would

16  directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendments'".  Even

17  with this recent knowledge and Order, instead of contacting Plaintiff's Counsel

18  requesting a simple amendment of the Complaint, they instead filed this Anti-SLAPP

19  Motion to Strike.  As a result, they should be sanctions for their conduct.

20       In addition, Hunt & Henriques did not contact Therese Harris Law Offices to

21  meet and confer prior to filing this Anti-SLAPP Motion.

22       The Plaintiff has incurred $4,287.50 (12.25 hours @ $350.00/hr) as of this date to

23  defend against this frivolous Anti-SLAPP Motion to Strike and it is estimated that

24  Plaintiff will incur an additional $4,200.00 (12 hours @ $350.00/hr) to prepare and travel

25  262 miles each way to attend the hearing.  The attorney fees and costs incurred by my

26  Client were unnecessary and should be paid by the Defendant.

27  //

28  //

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16

1

## VI.   <u>CONCLUSION</u>

2       Based on the discussion above and the facts set forth herein, Defendant's Motion

3  to Strike should be denied in its entirety.  In the event that this Court grants

4  Defendant's Motion, in whole or in part, Plaintiff respectfully requests leave to amend

5  Plaintiff's Complaint.  Furthermore, Plaintiff requests $8,487.50 in attorney fees as

6  sanctions as discussed above.

7

8  DATED: September 15, 2016                    Respectfully submitted,

9                                              M. HARVEY REPHEN & ASSOCIATES, P.C.

10

11                                             /s/ Therese S. Harris

12                                             THERESE S. HARRIS
                                               Attorneys for George Ordonez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF AND COUNTER-DEFENDANT'S GEORGE ORDONEZ'S OPPOSITION TO DEFENDANT
AND COUNTERCLAIMANT'S SPECIAL MOTION TO STRIKE UNDER CCP §425.16