HUNT & HENRIQUES
Kurtiss A. Jacobs # 218950
Donald Sherrill, Esq. # 266038
Jessica L. Danielski, Esq. # 308940
151 Bernal Road #8
San Jose, CA 95119-1306
Telephone (408) 414-0369
Facsimile (408) 360-8482

Attorneys for Hunt & Henriques, Inc.
File no. 1041225

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

George Ordonez,

Plaintiff,

vs.

Hunt & Henriques, Inc.

Defendant;

---

Hunt & Henriques, Inc.,

Counterclaimant,

vs.

George Ordonez,
Christian Ordonez, and
DOES 1 through 10, inclusive,

Counterdefendants.

Civil action 2:16-cv-01596-TLN-GGH

**REPLY in support of anti-SLAPP motion to strike complaint**

**(California Code of Civil Procedure § 425.16)**

Date: October 6, 2016*
Time: 2:00 p.m.
Courtroom: 2

The Honorable Troy L. Nunley, Judge

*Continued to November 3, 2016 by order signed September 8, 2016

# TABLE OF CONTENTS

Table of authorities .......... ii

Federal constitution, statutes, and regulations .......... ii

State statutes and rules .......... ii

Federal cases .......... ii

State cases .......... iii

INTRODUCTION .......... 1

LEGAL ARGUMENT .......... 1

1. Plaintiff's buzzwords do not defeat defendant's first-prong showing .......... 1

  1.A. Ordonez misuses the buzzword "triggered" .......... 1

  1.B. Ordonez misuses the buzzwords "incidental" and "collateral" .......... 2

  1.C. Ordonez misuses the buzzword "gravamen" .......... 3

2. Plaintiff has failed to satisfy his second-prong burden .......... 4

  2.A. Ordonez's complaint fails the *Iqbal/Twombly* standard .......... 4

  2.B. Ordonez has presented no evidence to support his allegations .......... 5

  2.C. Hunt & Henriques is *not* the same entity as H&H Inc. .......... 6

3. Ordonez's wasted section on the litigation privilege .......... 7

4. Leave to amend need not be (and should not be) granted .......... 7

5. Ordonez's request for attorney fees is frivolous .......... 9

SUMMARY AND CONCLUSION .......... 9

## TABLE OF AUTHORITIES

**Federal constitution, statutes and regulations**

15 United States Code. § 1692 et seq. ........................................... 3, 5, 6, 7, 8

Federal Rule of Civil Procedure 8. ........................................................15

Federal Rule of Civil Procedure 12. ........................................................4

Federal Rule of Civil Procedure 15. ........................................................8

**State statutes and rules**

Civil Code § 47 ..........................................................................7

Civil Code § 1788 et seq. ................................................................3, 4, 5, 6, 8

Code of Civil Procedure § 425.16 ........................................................*passim*

**Federal cases**

*Brown v. Hosto & Buchan, PLLC*
(W.D. Tenn. 2010) 748 F.Supp.2d 847 ..............................................5

*Ashcroft v. Iqbal* (2009) 556 U.S. 662 .............................................1, 2, 4, 5

*Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 ..............................1, 2, 4, 5

*Foman v. Davis* (1962) 371 U.S. 178 ....................................................8

*Heintz v. Jenkins* (1995) 514 U.S. 291 ..................................................7

*Jackson v. ASA Holdings, LLC* (D.D.C. 2010) 751 F.Supp.2d 91 ..................5

*Lopez v. Rash Curtis & Assoc.*
(E.D. Cal. 2010) 2010 U.S. Dist. LEXIS 91744 ....................................5

*Verizon De. Inc. v. Covad Communs., Co.*
(9th Cir. 2004) 377 F.3d 1081 ...........................................................8

\\\

\\\

**State cases**

*Blanchard v. DIRECTV, Inc.* (2004) 123 Cal.App.4th 903.........................3, 4

*Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400.....................................8

*Computer Xpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993........................3

*In re Episcopal Church Cases* (2009) 45 Cal.4th 467......................................4

*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539.................................................................2

*Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658...................................................................2

*Salma v. Capon* (2008) 161 Cal.App.4th 1275.................................................2

*Suarez v. Trigg Laboratories, Inc.* (2016) 2016 Cal.App.LEXIS 741............3

# REPLY

## INTRODUCTION

Once a moving defendant shows that a claim arises from activity protected by Code of Civil Procedure § 425.16, the plaintiff opposing an anti-SLAPP motion bears the burden of showing that his claim is adequately pleaded and that he has admissible evidence to support every element of his prima facie cause of action.

A glance at George Ordonez's table of contents reveals that the motion *must* be granted, because his only second-prong arguments are that his allegations were sufficiently pleaded and that the litigation privilege does not apply. He does not argue that he presented sufficient evidence—and indeed, he presents no evidence in support of the material allegations of his complaint.

## LEGAL ARGUMENT

### 1. Defendant satisfied its burden under first-prong analysis

Ordonez's opposition is replete with buzzwords culled from cases denying anti-SLAPP motions on first-prong grounds—"triggered," "incidental," "collateral," and the SLAPP plaintiff's all-time favorite, "gravamen." But the cases that use these words—even Ordonez's own citations—support HHI's argument.

### *1.A.* Ordonez misuses the buzzword "triggered"

It is true as argued at 10:2 that a cause of action does not fall within § 425.16 just because it "may have been triggered by protected activity." But just because a cross-complaint is filed after protected activity occurs, does not mean that it does not complain of that protected activity. Ordonez's citation to *ComputerXpress* at 11:2 shows that HHI satisfied its first prong because "the act underlying [Ordonez]'s cause or the act which forms the basis for [Ordonez's] cause of action"—here, the telephone call—"must itself have been an act in furtherance of the right of petition or free speech," and of course that is true as briefed in defendant's opening papers. That the July 13, 2015 phone call was made with a good faith belief that litigation might be necessary if Ordonez did not voluntarily

pay his debt is corroborated by the fact that Hunt & Henriques (*not* HHI) did file a lawsuit on behalf of its client on November 17, 2015. *See* exhibit JN-1.

**1.B. Ordonez misuses the buzzwords "incidental" and "collateral"**

It is also true that allegations only incidentally or collaterally referring to protected activity, are not sufficient *by themselves* to bring a cause of action within § 425.16(b). For example, if a complaint alleges that defendant filed a fraudulent police report and publicized the report's allegations in the media; that plaintiff and defendant argued over the truth or falsity of the allegations; and that during the argument, defendant had hit plaintiff; then if plaintiff sued only for battery, the allegations regarding the police report and the publicity would be only incidental or collateral, and an anti-SLAPP statute would not apply. But if plaintiff also sued for perjury and defamation, then those claims *would* fall within § 425.16. The act that Ordonez complains of—the litigation-related telephone call—is not incidental or collateral to Ordonez's cause of action; it is the very basis of his complaint.

And Ordonez reverses application of the "incidental" test. The rule is not that § 425.16 *only* applies if *unprotected* activity is merely incidental; the rule is that § 425.16 does apply *unless* the *protected* activity is merely incidental. *See Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1287-1288. *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 672 called this "The apparently unanimous conclusion of published appellate cases."

And it is the only logical rule, because

> the pleading of other, indeed numerous other, indisputably, 'unprotected' theories of liability does not eliminate or reduce the chilling effect on the exercise of free speech and petition: the defendant still faces the burden of litigation and potential liability for acts deemed protected by the SLAPP statute.

*Haight Ashbury Free Clinics, Inc. v. Happening House Ventures* (2010) 184 Cal.App.4th 1539, 1551. This is academic here, because Ordonez does not complain of a single unprotected action that defendant took against him.

**1.C. Ordonez misuses the buzzword "gravamen"**

Few words are more misused in law & motion practice than the word "gravamen" in opposition to anti-SLAPP motions. SLAPP plaintiffs often misunderstand this to mean the harmful consequence, instead of the actions that they actually complain that the defendant engaged in.

Thus, SLAPP plaintiffs may argue, "I'm not complaining that he filed a lawsuit; I'm complaining that his allegations are false," or, "I'm not complaining that he recorded an abstract of judgment; I'm complaining that the abstract placed a lien on my property." These are losing arguments.

As stated this month in *Suarez v. Trigg Laboratories, Inc.* (2016) 3 Cal.App.5th 118, 124, "the gravamen of an action is the allegedly wrongful and injury-producing conduct, not the damage which flows from such conduct." Here, the allegedly wrongful *conduct* was two telephone calls; the claim that he was damaged when his son heard the call is *not* the "gravamen."

Ordonez's "gravamen" argument is seen to be futile when he applies the law to the facts. He alleges that "the gravamen of Plaintiff's action is merely incidental to protected activity" because "Plaintiff asserts that Defendant violated the FDCPA and RFDCPA as follows: [¶] By disclosing to a third party, the Plaintiff's son, Christian Ordonez, that Defendant was a debt collector attempting to collect an alleged debt….[¶] By contacting Plaintiff directly even though the Defendant knew that Plaintiff was represented by an attorney…."

And so on. *See* Opposition 11:10-14.

Under *Suarez*, the "gravamen" is not that his son later listened to the phone calls, or that Ordonez claims to have been represented by counsel during the second phone call. The *conduct* that he alleges damaged him—the *true* gravamen—was that defendant[1] made prelitigation telephone calls.

---

1 Hunt & Henriques, Inc. reiterates that it did *not* make the calls. But first-prong analysis is based solely on plaintiff's allegations: because Odronez *alleges* that Hunt & Henriques, Inc. made the calls, HHI is entitled to § 425.16's protection.

It should be emphasized that if defendant violated an enforceable statute, then a plaintiff suffers no ill effects from a determination that § 425.16 applies; because if he could prevail on the merits, then he would defeat the motion under second-prong analysis. **But at this point—establishing that § 425.16 applies—it is irrelevant how much damage was done**, and relevant only that he complains of communications bearing some relation to potential litigation.

**2. Plaintiff cannot satisfy the second prong of anti-SLAPP analysis**

The SLAPP plaintiff's second-prong burden is to show both a validly-pleaded cause of action, *and* to produce admissible evidence to support every element of that cause of action. Ordonez has done neither. Even if he *had* "proved" a probability of success, he has not addressed the fact that he sued the wrong person—other than his attorney's recklessly false assertion at 15:28-16:1 that "Hunt & Henriques…is in fact the same entity as Hunt & Henriques, Inc." and at 15:17 that its claim to the contrary is "insincere."

***2.A. Plaintiff did not adequately plead that the RFDCPA applies***

At 14:13 of its moving papers, HHI pointed out that Ordonez had failed the *Iqbal/Twombly* pleading standard; and at 14:20-21, HHI stated that it "does not waive its right to have the complaint stricken if Ordonez is unable to disprove" this point. In anti-SLAPP analysis, it is the plaintiff's burden to show that a claim has been stated and not the defendant's burden to show otherwise. Code of Civil Procedure § 425.16(b); *In re Episcopal Church Cases* (2009) 45 Cal.4th 467, 477. And, of course, failure to state a claim is a pleading defect that can never be waived and can be raised for the first time at any time. *See* Fed. R. Civ. P. 12(h).

Ordonez attempts to convey the implication at 15:6-7 and 15:25-26 that he has alleged that defendant is a "debtor" as defined in Civil Code § 1788.2(h), but without citing to his complaint or showing how his allegations satisfy the *Iqbal/Twombly* standard.[2] His corresponding allegation in ¶ 4 of his complaint

---

2 *See Ashcroft v. Iqbal* (2009) 556 U.S. 662 and *Bell Atl. Corp. v. Twombly* (2007)

contains only the legal conclusion, and not the ultimate facts that *Iqbal* and *Twombly* state that FRCP 8 requires.

Following *Twombly* and *Iqbal*, federal courts have dismissed FDCPA actions that did "little more than parrot the language of the statute in conclusory fashion" (*Jackson v. ASA Holdings, LLC* (D.D.C. 2010) 751 F.Supp.2d 91, 99) or recite "the statutory language almost word for word" (*Brown v. Hosto & Buchan, PLLC* (W.D. Tenn. 2010) 748 F.Supp. 2d 847, 854). Even allegations that defendant was a "debt collector" who falsely threatened to sue, garnish the plaintiff's wages, and add $ 10,000 in legal fees did not state a claim under § 1692e or § 1692f. *See Lopez v. Rash Curtis & Assoc.* (E.D. Cal. 2010) 2010 U.S. Dist. LEXIS 91744, pp. 2, 5-7.

So Ordonez failed the first half of his second-prong burden by failing to state a claim. And he failed the second half of this burden too, by not presenting admissible evidence to support every element of a prima facie cause of action.

***2.B. Ordonez did not even argue that he has admissible evidence***

And indeed, he has presented none.

The only declaration is his attorney's, and that declaration goes only to the identity of defendant. *Even if* Ordonez had sued the right party, there is no evidence of any violation; in essence, his attorney tries to satisfy the second-prong burden on the pleadings alone, which is a legal impossibility.

HHI briefed at 14:5 of its motion that mere allegations in a complaint cannot defeat an anti-SLAPP motion, but that a SLAPP plaintiff must present evidence. To elaborate, "The prima facie showing of merit must be made with evidence that is admissible at trial. Unverified allegations in the pleadings or averments made on information and belief cannot make the showing." *Salma v. Capon* (2008) 161 Cal.App.4th 1275, 1289 (citations omitted).

There is no evidence that Ordonez incurred the debt primarily for personal,

---

550 U.S. 544.

family, or household use. Without evidence, the RFDCPA is not even implicated.

There is no declaration from Christian Ordonez that he heard the recorded message. There is not even a declaration from *George* Ordonez that his son heard the recorded message. There is no transcript of and no declaration regarding the contents of the telephone call. So there is no probability that Ordonez could prevail on the merits of his allegation that the July 13 phone call violated the RFDCPA.

And although Ordonez's attorney did file a declaration, she did not declare under penalty of perjury that the letter of representation alleged in ¶ 16 of the complaint was sent—much less, attach a copy of the letter. So there is no probability that Ordonez could prevail on the merits of his allegation that the September 10 phone call violated the RFDCPA, either.

An anti-SLAPP motion is decided after an evidentiary hearing. Ordonez can request leave to amend—but even if the court construed his existing complaint to say everything that he wants it to say in the future (e.g., that Hunt & Henriques and Hunt & Henriques, Inc. are the same entity), the motion would have to be granted because there is no evidence that *anybody* violated the RFDCPA.

***2.C. Hunt & Henriques and Hunt & Henriques, Inc., are not the same entity***

HHI produced admissible evidence that it is *not* the entity that made the phone calls that Ordonez complains of. Ordonez argues without citation to evidence that this position is "insincere" (15:17), and his attorney declares under penalty of perjury that "Hunt & Henriques is the same business entity as Hunt & Henriques, Inc." (Harris declaration ¶ 3).

But this is false. Hunt & Henriques still exists, and operates as a limited partnership—just as it has for over 30 years. *See* declaration of Michael Hunt (¶¶ 2-3, 9, and 11-12 are all in the present tense); *see also* supplemental declaration of Michael Hunt, ¶ 7 (they are different business entities; both still exist; Hunt & Henriques remains active and Hunt & Henriques, Inc. has not begun operations).

As a separate entity, HHI cannot be held liable for H&H's alleged torts any

more than could George Ordonez, Sr. be held liable for George Ordonez, Jr.'s torts—or crimes. Ordonez's argument on this point is frivolous, and his attorney's perjured declaration is reckless.

**3. Ordonez's wasted section on the litigation privilege**

Ordonez spends more than three pages (16:15-19:19) arguing that "the litigation privilege does not apply to this action." This is a curious argument made in an illogical place, because HHI did not invoke the litigation privilege as a bar to Ordonez's second-prong showing. Ordonez argues that *Heintz v. Jenkins* (1995) 514 U.S. 291 "held that any claim of litigation privilege is 'unconvincing.'" But the term "litigation privilege"—even the word "privilege"—does not appear in *Heintz*. *See id*. In any event, *Heintz* involved only the federal FDCPA and would have, if anything, analyzed only a federal privilege.

Here, California's litigation privilege *does* apply to the state law cause of action. HHI has not raised Civil Code § 47(b) as a bar to Ordonez's second-prong showing because Hunt & Henriques, Inc. is not liable for the alleged tort of Hunt & Henriques the law partnership, and hence need not rely on the litigation privilege.

**4. Leave to amend need not (and should not) be granted**

Ordonez does not separately label an argument that he should be granted leave to amend the complaint, so he has waived the argument. He does raise the point at pp. 10 and 16, so HHI replies.

Ordonez cites only a case that would be dicta here, while overlooking that (a) under the FRCP, leave to amend is discretionary; (b) amendment would be futile against HHI (*see* section 2.C.); and (c) he failed to produce evidence that the RFDCPA applies (5:27-6:1 above), that his son heard the first telephone call, or that his attorneys notified anyone of their representation before the second call. Each of these independently makes this case distinguishable from *Verizon*. So this court can grant the anti-SLAPP motion outright, without leave to amend.

*Verizon* is dicta as argued here, because in *Verizon*, amendment was not

futile. *Verizon*'s rule cannot apply where amendment would be futile, because such a rule would conflict with Fed R. Civ. P. 15(a), stating that leave to amend "shall be freely given when justice so requires." If amendment would be futile, then justice does not so require. *See Foman v. Davis* (1962) 371 U.S. 178, 182.

There is another point that Ordonez overlooks. *Verizon* acknowledged only one of two policy reasons that the California Legislature enacted the anti-SLAPP statute: as Ordonez cites it, "the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiff eliminated the offending claims from their original complaint." Opposition 16:9-11, citing *Verizon Del. Inc. v. Covad Communs., Co.,* (9th Cir. 2004) 377 F.3d 1081, 1091.

But another *substantive* purpose served by the anti-SLAPP statute is to deter SLAPPs by shifting the cost of defense to the plaintiff. *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1433 stated that "the clear and compelling legislative intent underlying the anti-SLAPP statute" was to award costs and fees to the successful defendant—so much so, that even a pro per defendant who filed an anti-SLAPP motion is entitled to attorney fees for work that an attorney later performs on the case (*id.*); and so much so, that a plaintiff must "give an undertaking to stay enforcement" of the attorney fee award pending appeal (*id.*).

This purpose would be defeated by a rule requiring a court to ignore FRCP 15 and giving a SLAPP plaintiff one free bite, forcing an innocent defendant to incur attorney fees to defeat a meritless cause of action—*especially* a cause of action that should have been brought, if at all, against another person.

Federal procedural law and state substantive law are not incompatible. Both purposes can be served—in this particular case, in either of two ways:

Either the court can acknowledge that amendment as to Hunt & Henriques, Inc., would be futile, deny leave to amend, and grant the anti-SLAPP motion (after which Ordonez could sue Hunt & Henriques); or, the court can grant leave to amend, while awarding HHI the attorney fees that it has incurred to date in extricating itself

from Ordonez's counsel's improvident filing.

**5. Plaintiff's request for attorney fees is frivolous**

A plaintiff who defeats an anti-SLAPP motion may recover attorney fees only "If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay." Code of Civil Procedure § 425.16(c)(1). Ordonez's argument that the motion is frivolous is based on Therese Harris's sworn testimony (Harris declaration ¶ 3), where she states as unqualified fact that "Hunt & Henriques is the same business entity as Hunt & Henriques, Inc." Harris is wrong; *see* supplemental declaration of Michael Hunt, ¶ 7.

It is not only false to say that H&H and HHI are the same entity; it is reckless. It is equivalent to saying that because George Ordonez, Sr. and George Ordonez, Jr. live at the same address and know each other's birthdate, therefore they are the same person and so the father must answer for the son's debts—and even crimes. *A fortiori*, it is utmost bad faith to say that an argument that Sr. and Jr. are different people is a frivolous argument. In requesting attorney fees under § 425.16(c)(1), this is what Therese Harris is saying: That HHI cannot *possibly* believe that, as a corporation—formed under laws *intended* to shield it from liabilities incurred by others—it should not be liable for H&H's supposed torts.

**SUMMARY AND CONCLUSION**

Ordonez's request for attorney fees would have to be denied even if the anti-SLAPP motion were denied. But Ordonez has produced *no* evidence supporting his allegations. And he cannot overcome HHI's evidence that it is not the entity who called him on July 13 and September 20. So the anti-SLAPP motion must be granted. And it should be granted without leave to make a futile amendment.

Respectfully submitted,

HUNT & HENRIQUES

*Kurtiss Jacobs*

Dated: September 29, 2016

Attorneys for Hunt & Henriques, Inc.