1   HUNT & HENRIQUES
    Kurtiss A. Jacobs # 218950
2   Donald Sherrill # 266038
    Jessica L. Danielski # 308940
3   151 Bernal Road #8
    San Jose CA 95119-1306
4   Telephone: (408) 677-5822
    Facsimile: (408) 360-8482
5
    Attorneys for Hunt & Henriques, Inc.
6   File No. 1085171

7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11  George Ordonez,                          Civil action no.: 2:16-cv-01596-TLN-GGH

12              Plaintiff,                    **Defendant Hunt & Henriques, Inc.'s**
                                              **Notice of Motion; Motion for Sanctions;**
13          vs.                               **Memorandum of Points and Authorities;**
                                              **Declaration of Michael Hunt;**
14  Hunt & Henriques, Inc.                    **Declaration of Kurtiss Jacobs**

15              Defendant;                    **(Federal Rule of Civil Procedure 11)**

16  ─────────────────────────                 Date:        December 8, 2016
                                              Time:        2:00 p.m.
17  Hunt & Henriques, Inc.,                   Courtroom:   2

18              Cross-complainant,            Assigned to Hon. Troy L. Nunley, Judge

19          vs.

20  George Ordonez,
    Christian Ordonez, and
21  DOES 1 through 10, inclusive,

22              Cross-defendants.

23

24

25          **Notice of Motion and Motion for Sanctions for Violation of Rule 11**

26  To the clerk of the above-entitled court, plaintiff George Ordonez, and plaintiff's

27  counsel of record Therese S. Harris, Therese Harris Law Offices, M. Harvey

28  Rephen, and M. Harvey Rephen & Associates, P.C.:

                                        1

PLEASE TAKE NOTICE that on December 8, 2016, at 2:00 p.m. in courtroom 2, 15th floor of the above court, located at 501 I Street, Sacramento CA 94814, the Honorable Troy L. Nunley, Judge, presiding, Hunt & Henriques, Inc. will and hereby does move this court for an order under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11"), sanctioning plaintiff George Ordonez ("Ordonez") and plaintiff's attorneys Therese S. Harris, Therese Harris Law Offices, M. Harvey Rephen, and M. Harvey Rephen & Associates, P.C. This motion is made on the grounds that (a) because the complaint was filed against the wrong person, plaintiff's allegations and other factual contentions have no evidentiary support; and (b) Ordonez, Harris, and Rephen failed to withdraw or appropriately correct the complaint after more than 21 days elapsed from service of an unfiled copy of this notice and motion.

This motion complies with Rule 11(c)(2)'s "safe harbor" provision. Defendant served its Notice of Motion and Motion for Sanctions, Memorandum of Points & Authorities, Declaration of Michael Hunt, and Declaration of Kurtiss Jacobs on Ordonez, Harris, and Rephen on September 29, 2016, more than 21 days before filing its Motion for Sanctions with the court, allowing Ordonez, Harris, and Rephen the statutory time to withdraw or correct the defects alleged herein. *See* Declaration of Kurtiss Jacobs ¶¶ 4-5; exhibit 1.

The motion will be based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities and Declarations of Michael Hunt and Kurtiss Jacobs; other papers on file in this action including plaintiff's complaint and defendants' answer, counterclaim, and anti-SLAPP motion; and such other and further evidence or argument as the court may allow.

DATED: September 29, 2016

Kurtiss A. Jacobs, LL.M., Hunt & Henriques
Attorneys for Defendant

# TABLE OF CONTENTS

Notice of motion and motion.................................................................... 1

Table of contents ................................................................................... 3

Table of Authorities............................................................................... 4

    Federal constitution, statutes, and regulations............................... 4

    State statutes and rules................................................................. 4

    Federal cases................................................................................ 4

Memorandum of points and authorities................................................... 5

Introduction .......................................................................................... 5

Factual background ............................................................................... 5

Legal argument...................................................................................... 5

1. Legal standard .................................................................................. 5

2. Plaintiff and his counsel violated Rule 11(b)(3)................................... 6

3. Plaintiff and his counsel violated Rule 11(c) ...................................... 7

4. A materially meaningless "correction" is insufficient to avoid sanctions ... 8

5. Represented parties and their attorneys are both subject to sanctions......... 8

    5.A. Though represented, Ordonez is subject to sanctions.................... 8

    5.B. Harris, Rephen, and their law firms are subject to sanctions........... 11

6. The amount of sanctions.................................................................... 12

Summary and conclusion ....................................................................... 14

Declaration of Michael Hunt.................................................................. 16

Declaration of Kurtiss Jacobs................................................................. 17

Notice of Motion and Motion for Sanctions for Violation of Rule 11

# TABLE OF AUTHORITIES

**Federal constitution, statutes and regulations**

15 United States Code § 1692k ....................................................................... 13

Federal Rule of Civil Procedure 11 ............. 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15

**State statutes and rules**

California Rule of Professional Conduct 3-500 ........................................... 11

**Federal cases**

*Blossom v. Blackhawk Datsun, Inc.* (S.D. Ind. 1988) 120 F.R.D. 91....... 11-12

*Coburn Optical Industries, Inc. v. Cilco, Inc.*
      (M.D. N.C. 1985) 610 F.Supp. 656..................................................... 12

*Cooter & Gell v. Hartmarz Corp.* (1990) 496 U.S. 384.................................. 6

*Elster v. Alexander* (N.D. Ga. 1988) 122 F.R.D. 593 ................................... 14

*Holley v. Guiffrida* (D.C. Dist.Col. 1986) 112 F.R.D. 172 ........................... 10

*Kearney v. Todd L. Smith, P.A.* (S.D. N.Y. 1985) 624 F.Supp. 1008 ........... 14

*Topalian v. Ehrman* (Fifth Cir. 1993) 3 F.3d 931 ........................................ 10

Notice of Motion and Motion for Sanctions for Violation of Rule 11

**Memorandum of Points and Authorities**

## Introduction

George Ordonez sued Hunt & Henriques, Inc., for communications made in 2015. Hunt & Henriques, Inc. did not exist until 2016. After being served with this motion, Ordonez should have withdrawn this action within Rule 11's safe harbor period. Because he did not, Ordonez and his counsel should be sanctioned.

## Factual background

As stated in greater detail in Hunt & Henriques, Inc.'s previously-filed answer, counterclaim, and anti-SLAPP motion, George Ordonez's real beef is with Hunt & Henriques and not Hunt & Henriques, Inc. Because the two are different legal persons, one cannot be held liable for the actions of the other, any more than Hunt & Henriques's client could hold George Ordonez, Jr. liable for George Ordonez, Sr.'s debt.

All of the facts that Ordonez complains of occurred between July 13 and September 10, 2015. *See* complaint ¶¶ 9-18. The telephone calls made on those dates were made by non-attorney account representatives of Hunt & Henriques. Declaration of Michael Hunt, ¶¶ 6-7. Hunt & Henriques, Inc., did not exist until January 4, 2016 and to this day has no employees and has never conducted any business of any kind. Declaration of Michael Hunt, ¶¶ 9-11.

## Legal argument

### 1. Legal standard

Rule 11 of the Federal Rules of Civil Procedure authorizes the court to impose sanctions. Rule 11(b) states that when an attorney presents a signed paper to the court, that person is certifying that to the best of his or her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [¶¶] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; [¶]."

Notice of Motion and Motion for Sanctions for Violation of Rule 11

Rule 11 permits a court to impose sanctions—but not for submitting a frivolous paper. Rule 11(c)(1)(A) states that this motion "shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected."

So a party can violate Rule 11(b) with impunity, so long as he stands ready to withdraw the paper when challenged. If a party refuses to dismiss an intentionally fraudulent complaint, then no valid purpose can be served by refusing sanctions; a court can only make itself a target for more baseless filings in the future. *See Cooter & Gell v. Hartmarz Corp.*, 496 U.S. 384, 393 (1990) (Rule 11 serves to deter baseless filings in the federal court system).

**2. Plaintiff and his counsel violated Rule 11(b)(3)**

By signing and filing the complaint, Harris *certified* to the court that to the best of her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances …the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

None of Ordonez's factual contentions were identified as only being likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. Thus, Harris certified to the court that after an inquiry reasonable under the circumstances and to the best of her belief, *all* of the factual contentions *already* had evidentiary support.

No rational argument can be made that Ordonez's factual allegations have even a shred of evidentiary support. Every single fact that he complains of occurred between July 13 and September 10, 2015; whereas defendant did not even exist until January 4, 2016. *Cf.* complaint ¶¶ 9-18; declaration of Michael Hunt, ¶ 9.

So Ordonez and his counsel obviously violated Rule 11(b)(3). But more importantly, they have unquestionably violated Rule 11(c).

Notice of Motion and Motion for Sanctions for Violation of Rule 11

### 3. Plaintiff and his counsel violated Rule 11(c)

Rule 11 does not authorize a court to sanction a party for even maliciously false allegations. Instead, Rule 11 authorizes sanctions only if a violation is brought to the offender's attention, and the offender *refuses to withdraw or appropriately correct* the offending pleading within the 21-day safe harbor period. *See* Federal Rule of Civil Procedure 11(c)(1)(A).

If this motion reaches the court's docket, then Ordonez and his counsel refused to withdraw or appropriately correct the offending pleading within 21 days. Not only are sanctions warranted, but there is no rational basis on which sanctions could be denied. Consider: A strikes B; B sues C for battery; C proves that he is not A. But B insists on proceeding with his lawsuit, perhaps altering his legal theory and arguing that C is A's brother, or even identical twin. The violation might now be Rule 11(b)(2) instead of 11(b)(3); but the violation having already occurred, the refusal to withdraw or *appropriately* correct the pleading leaves B in violation of Rule 11(c), which is the only subsection authorizing sanctions.

So Ordonez cannot refuse to dismiss Hunt & Henriques, Inc., and later defend against this motion by arguing that he should not be sanctioned for "inadvertently" suing the wrong person.

Because Hunt & Henriques, Inc., did not exist in 2015, it would not be plausible to assert that Ordonez "inadvertently" sued Hunt & Henriques, Inc. Ordonez's counsel obviously did research; *see, e.g.*, complaint ¶ 25, alleging that "the true name and sole identity of Defendant's company is 'Hunt & Henriques,' pursuant to print-out from the State of California Bar Association listing attached hereto as Exhibit 'A' and the Martindale Hubble 'Firm Profile' for Defendant attached hereto as Exhibit 'B.'"

(Notwithstanding this allegation, Ordonez's exhibit A speaks for itself as a California Secretary of State printout for Hunt & Henriques, Inc., and *not* a State of California Bar Association printout for Hunt & Henriques.)

While not inadvertent, it was *careless* for M. Harvey Rephen to let his associate Therese Harris sue Hunt & Henriques, Inc. Both Rephen and Harris violated Federal Rule of Civil Procedure by not conducting an inquiry reasonable under the circumstances after finding one printout for "Hunt & Henriques, Inc." (Ordonez exhibit A) and another for "Hunt & Henriques" (Ordonez exhibit B). Rephen understands the distinction between "M. Harvey Rephen" and "M. Harvey Rephen & Associates, P.C.," and he maintains them separately for good reason: one has limited liability, and the other does not.

Ordonez, Harris, and Rephen did not just make a "mistake"; they refused to correct it. Rule 11 provides sanctions for such an unreasonable refusal.

**4. A materially meaningless "correction" is insufficient to avoid sanctions**

Once a party is shown to have violated subsection (b), he is given a "safe harbor" and is not sanctioned if the challenged paper "is withdrawn or appropriately corrected within 21 days after service." Fed. R. Civ. P. 11(c)(1)(A). Thus, the court will never see this motion unless Ordonez and his counsel willfully fail to withdraw or appropriately correct his pleading.

But an offending party cannot just *inappropriately* correct the challenged paper. For example, if Ordonez and his counsel amend to allege that Hunt & Henriques, Inc., should be vicariously liable because some of its owners are the same as some of the owners of Hunt & Henriques, then that would be an inappropriate correction and sanctions would still be warranted. In that case, Hunt & Henriques, Inc., would be justified in filing this motion as written and already served; Rule 11 does not require a wrongly-sued defendant to waste additional time drafting another motion, just to give a second safe harbor to a recalcitrant plaintiff.

**5. Represented parties and their attorneys are both subject to sanctions**

***5.A. Though represented, Ordonez is subject to sanctions***

Because sanctions here are for factual allegations without evidentiary support, FRCP 11 allows the court to sanction the represented party as well as his

Notice of Motion and Motion for Sanctions for Violation of Rule 11

1  attorneys. This is clear from the plain language of the statute, settled principles of

2  statutory construction, and decisional law.

3      Rule 11(c)(2)(A) states, "Monetary sanctions may not be awarded against a

4  represented party for a violation of subdivision (b)(2)," which is the subsection

5  requiring that the legal claims be warranted by existing law. So a represented party

6  may *not* be sanctioned for his pleading's unwarranted legal theories, and that makes

7  sense because a represented party may be justified in relying on his counsel's

8  advice regarding *legal* contentions.

9      But under settled rules of statutory construction, this narrow prohibition

10  *allows* a court to sanction a represented party for a violation of paragraph (3) of

11  subdivision (b), requiring the *factual* contentions to be supported by evidence. And

12  this makes sense, too; because although facts may be subject to conflicting

13  evidence, here there is *no* evidence that Hunt & Henriques, Inc., existed in 2016.

14      The negative-implication canon (*expressio unius est exclusion alterius*) holds

15  that the expression of one thing implies the exclusion of others. The prohibition in

16  Rule 11(c)(2)(A) against sanctioning a represented party for violating

17  Rule 11(b)(2), implies an exclusion of that prohibition from affecting

18  FRCP 11(b)(1), (3), and (4).

19      The presumption of consistent usage holds that a word or phrase is presumed

20  to bear the same meaning throughout a text, and that a material variation in terms

21  suggests a variation in meaning. Use of the phrase "represented party" in Rule 11(b)

22  and omission of that phrase from Rule 11(c) is presumed to be an intentional

23  distinction. Rule 11(b) states that an attorney or *represented* party's signature

24  certifies certain things to the court. But the sanctions available under Rule 11(c) do

25  not depend on this certification as a prerequisite.

26      The surplusage canon holds that every word and every provision should be

27  given effect; none should be ignored; and none should be needlessly given an

28  interpretation that causes it to duplicate another provision or to have no

consequence. The whole-text canon states that the text must be construed as a whole. If monetary sanctions could not be awarded against a represented party for asserting facts without evidentiary support, then Rule 11(c)(2)(A) *in its entirety* would be surplusage. "These words cannot be meaningless, else they would not have been used." *United States v. Butler* (1936) 297 U.S. 1, 65.

So naturally, there are cases saying the same thing. For example:

*Holley v. Guiffrida* (D.C. Dist. Col. 1986) 112 F.R.D. 172 imposed sanctions on plaintiff as well as his attorney because the plaintiff actively participated in the lawsuit and was not merely a passive victim of his attorney's bad judgment; he also ignored opposing counsel's warnings regarding Rule 11 sanctions. Likewise here, where Hunt & Henriques, Inc., has given Ordonez notice and an opportunity to dismiss the wrongly-sued party.

And *Topalian v. Ehrman* (Fifth Cir. 1993) 3 F.3d 931 stated at pp. 934-935 (italics and closing ellipses in original):

> As their first point of error, Appellants argue that "a represented litigant is not sanctionable under Rule 11, wholly apart from the signing requirement, simply because his lawyer has signed and filed a purportedly sanctionable court paper or lawsuit." However, in *Pavelic & LeFlore v. Marvel Entertainment Group* (1989) 493 U.S. 120, 124…the United States Supreme Court noted that Rule 11 is to be interpreted literally. We therefore reject Appellants' position as inconsistent with the clear language of Rule 11 on this point: "If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, *a represented party*, or both, an appropriate sanction…." Fed.R.Civ.P. 11 (emphasis added).

Quoting the Advisory Committee Note to Rule 11, *Topalian* continued at p. 935 (citations and footnote omitted):

> "If the duty imposed by the rule is violated, the court should have the discretion to impose sanctions on either the attorney, the party the signing attorney represents, or both…. Even though it is the attorney whose signature violates the rule, it may be appropriate under the circumstances of the case to impose a sanction on the client." Rule 11 clearly allows district courts the discretion in appropriate cases to impose sanctions against non-signing represented parties for violations of the rule by their attorneys. Appellants' first point of error is overruled; and we affirm the judgment of the trial court in so far as sanctions against Jacobs, Manuel, and McDonald are concerned.

So the court has discretion to sanction not just his counsel, but Ordonez as well. And there is nothing unfair or unjust in this. A copy of this unfiled motion was served on Ordonez, c/o his counsel. California Rule of Professional Conduct 3-500 required his attorneys to inform Ordonez of the nature and basis of this motion when they received it in his name, and they would have been obligated to dismiss Hunt & Henriques, Inc., if Ordonez had instructed it. If this motion is later filed, it can only be because Ordonez insisted on prosecuting his civil action against a party that he knew could not have committed the acts that he complains of.

### 5.B. Harris, Rephen, and their law firms are subject to sanctions

The complaint was signed and filed by Harris, so she unquestionably falls within the scope of Rule 11(a), (b), and (c). And Rule 11(c)(1)(A) provides, "Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees." Certainly the Therese Harris Law Office falls within this rule; and because she is "of counsel" to M. Harvey Rephen & Associates, P.C. and is authorized to use that instead of her own firm's name on pleadings, she falls within the category of a partner, associate, or employee of that firm as well. Because the circumstances must be *exceptional* to exempt firms from liability and because Hunt & Henriques, Inc. does not know Ordonez's, Harris's, and Rephen's specific circumstances, the burden of sloughing off responsibility from the firms is on plaintiff's counsel.

M. Harvey Rephen himself may argue that he cannot be personally sanctioned because he did not sign or file the complaint. And there is case law supporting this argument in *some* situations. But Hunt & Henriques, Inc., served Rephen with a copy of this motion because it could not be known in advance that Rephen would not later appear and advocate the complaint, whether by filing an opposition to this motion, assisting Harris in drafting the opposition, appearing at oral argument, or advocating the complaint in any other way. Decisional law permits this court to sanction Rephen if circumstances warrant:

Notice of Motion and Motion for Sanctions for Violation of Rule 11

*Blossom v. Blackhawk Datsun, Inc.* (S.D. Ind. 1988) 120 F.R.D 91 held that an attorney named on the pleading but without signing the pleading, but who later came into court and ratified and adopted the signature of co-counsel as his own, fell within Rule 11.

Because Rephen is a New York attorney, *Coburn Optical Industries, Inc. v Cilco, Inc.* (M.D. N.C. 1985) 610 F.Supp. 656 may be even more pertinent. In *Coburn*, out-of-state counsel did not sign the motion in question, but was liable under Rule 11 because it appeared that he prepared documents and was acting as lead counsel. (Local counsel was co-liable for making representations in the motion that the party opponent's investigation had shown to be false.)

If the complaint against Hunt & Henriques, Inc. is not withdrawn and Rephen participates in advocating it, then he should be sanctioned. He might be sanctioned anyway, as the FDCPA complaint signed by Harris so closely resembles previous complaints drafted by Rephen, that he may already fall within the *Coburn* rule.

## 6. The amount of sanctions

Rule 11(c)(2) states:

> A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Ordonez, Harris, and Rephen may be emboldened to press their complaint against the wrong party knowing that courts are reluctant to impose sanctions, and that even if sanctions are imposed, they are often limited to a nominal amount under the "limited to what is sufficient to deter" clause. But the rule authorizes the court to award *all* of the reasonable attorney fees and other expenses incurred as a direct result of the violation. And where, as here, it has been conclusively proven that the plaintiff sued the wrong defendant and has zero chance of prevailing, there can be

no rational argument that the wrongly-sued party's costs, fees, and other expenses should not be recovered from those responsible for the offending pleading.

The most that plaintiff may plausibly argue is the tenuous assertion that the complaint was believed to be meritorious when it was filed, and that sanctions should only be imposed for work done after the error was brought to their attention; i.e., to attorney fees incurred in drafting a reply in support of this motion, attending oral argument, and attending any other hearings after the Rule 11 motion was served. One answer to this argument is that it *concedes* that Hunt & Henriques, Inc. should recover all of its costs, fees, and expenses incurred after it served the Rule 11 motion because from that time forward, the only reasonable course for Ordonez was to dismiss Hunt & Henriques, Inc. with prejudice.

But another answer to that argument is that if Ordonez, Harris, and Rephen do not dismiss Hunt & Henriques, Inc. immediately upon learning that it was an entirely separate entity that made the communications they complain of, then they necessarily imply—and the court should infer—that their complaint violated not just Rule 11(b)(3), but also Rule 11(b)(1) as "being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." In that case, then of course they should be sanctioned for all costs, fees, and expenses from the outset through disposition. And yes, there is additional support for this inference.

George Ordonez is aware that Hunt & Henriques (*not* Hunt & Henriques, Inc.) has been retained to collect a defaulted debt. Although the FDCPA is not an affirmative defense to collection of a debt (*see* 15 USC § 1692k), debtors' counsel often use it as leverage to coerce forgiveness of debt. If it were a simple matter of bringing an actual violation to a debt collector's attention, then most FDCPA claims could be settled without litigation for the statutory maximum $ 1,000 in damages and a reasonable attorney fee; debt collectors who refused to settle would find themselves on the wrong end of an FDCPA judgment, paying $ 1,000 in damages

Notice of Motion and Motion for Sanctions for Violation of Rule 11

1  and tens (or hundreds) of thousands of dollars in wag-the-dog attorney fees.

2      So an FDCPA attorney who shoots first and asks questions later is already

3  forsaking judicial economy and a quick resolution for his client, often for one of

4  two misguided reasons: either to pad his own pocket by working more billable

5  hours *without increasing his client's maximum recovery*, or to coerce forgiveness or

6  a lowball settlement of an undisputed debt. Either of these motives would fall

7  within Rule 11(b)(1)'s prohibition against presenting a complaint for an improper

8  purpose such as to harass or to cause unnecessary delay or needless increase in the

9  cost of litigation. *See*, *e.g.*, *Kearney v. Todd L. Smith, P.A.* (S.D. N.Y. 1985) 624

10 F.Supp. 1008 (under Rule 11, plaintiff was properly ordered to reimburse

11 defendants for reasonable attorney fees and other costs incurred in being forced to

12 litigate meritless action because, viewing action in context of entire complaint,

13 court was hard pressed to conclude that litigation was not intended to harass or

14 needlessly increase cost of litigation). *See also Elster v. Alexander* (N.D. Ga.1988)

15 122 F.R.D. 593 (sanctions imposed because pleadings were not in pursuit of any

16 legal cause of action genuinely believed by plaintiff or his counsel to exist at the

17 time their documents were filed, but rather were for the purpose of coercing a

18 settlement from defendants).

19     Again—even assuming that the complaint appeared justified at the time it

20 was filed, it has been proved meritless because plaintiff is essentially suing Jack for

21 Jill's torts. If the complaint against Hunt & Henriques, Inc. is not dismissed with

22 prejudice *immediately*, then this court will be hard pressed to conclude that the

23 continued litigation is not intended to harass or needlessly increase the cost of

24 litigation.

25 **Summary and conclusion**

26     Therese Harris and M. Harvey Rephen have known of Hunt & Henriques for

27 years. Before filing the complaint in this action, they researched Hunt & Henriques

28 online, and found both a Hunt & Henriques, Inc., and a Hunt & Henriques. Their

own exhibit A shows that they knew that Hunt & Henriques, Inc., only became an entity on "01/04/2016." Instead of suing the entity that they knew had been collecting debts for years, they sued Hunt & Henriques, Inc. There was no rational basis for this choice.

But even if this negligence were excusable, there can be no excuse for continuing to prosecute Hunt & Henriques, Inc., for communications that only Hunt & Henriques made. Upon receipt of an unfiled copy of this motion, the Federal Rules of Civil Procedure gave them a maximum of 21 days to withdraw the complaint and preclude filing of this motion. In good faith, they should have dismissed Hunt & Henriques, Inc. *immediately*. They did not do so; if they had, then this motion would not have been filed.

A Rule 11 motion is not a "gotcha" procedure; it does not penalize mere inadvertence or carelessness. In fact, it does not even penalize malicious behavior. It gives even the most egregious offender a chance to walk away from the damage he has inflicted. Rule 11 *only* allows sanctions when the person who violated it is faced with the points and authorities demonstrating his liability for sanctions; is given three weeks to withdraw or correct the violation; yet consciously chooses to persist.

The court has both inherent and statutory discretion to deny this motion. But withholding sanctions would serve no valid purpose and would only perpetuate the myth that "you can do anything in federal court."

Hunt & Henriques, Inc. respectfully requests that the court impose sanctions against Therese S. Harris, which would make sanctions against the Therese Harris Law Office and M. Harvey Rephen & Associates, P.C. mandatory. Hunt & Henriques also respectfully requests that after reading the opposition and reply, the court sanction George Ordonez and M. Harvey Rephen if circumstances warrant. Sanctions must be sufficient in the court's sound discretion to deter Harris, Rephen, and others from similar violations in the future. Sanctions should also compensate

Notice of Motion and Motion for Sanctions for Violation of Rule 11

1    Hunt & Henriques for the costs, fees, and other expenses it incurred as a direct

2    result of the complaint.

3                                   Respectfully submitted,

4                                   HUNT & HENRIQUES

5

6    Dated: September 29, 2016

7                                   Kurtiss A. Jacobs, LL.M., Hunt & Henriques
                                    Attorneys for Hunt & Henriques, Inc.

8

9

10                          **Declaration of Michael Hunt**

11    I, Michael Hunt, state:

12       1.   I am an attorney licensed in California.

13       2.   I am a partner of Hunt & Henriques.

14       3.   Hunt & Henriques is a law partnership that has operated continuously for

15           over 30 years.

16       4.   In the regular course of its business, Hunt & Henriques, on behalf of others,

17           collects debts as the term "debt" is defined in California Civil Code

18           § 1788.2(d).

19       5.   I am a custodian of Hunt & Henriques's business records. Hunt &

20           Henriques's business records are made in the regular course of business by

21           employees charged with the business duty of accurately recording acts,

22           conditions, and events at or near the time of their occurrence into an

23           electronic database that is searchable by name, account number, and other

24           criteria.

25       6.   Hunt & Henriques's business records reflect that on July 13, 2015, its non-

26           attorney account representative Gary Carter called the telephone number

27           identified in ¶ 13 of plaintiff's complaint in this action.

28       7.   Hunt & Henriques's business records reflect that on September 10, 2015, its

Notice of Motion and Motion for Sanctions for Violation of Rule 11

non-attorney account representative Tom Rudeen called the telephone number identified in ¶ 18 of plaintiff's complaint in this action.

8.  I am a shareholder in Hunt & Henriques, Inc.

9.  Hunt & Henriques, Inc. was incorporated on January 4, 2016.

10. Hunt & Henriques, Inc. has no employees.

11. Hunt & Henriques, Inc. has not yet begun business operations.

12. In short, Hunt & Henriques, Inc. did not exist during any of the period covered by plaintiff's factual allegations; i.e., July 13 through September 10, 2015.

13. Thus, plaintiff has clearly sued the wrong person.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 29, 2016, at San Jose, Santa Clara County, California.

_____

Michael Hunt

### Declaration of Kurtiss Jacobs

I, Kurtiss Jacobs, state:

1.  I am an attorney licensed in California.

2.  I am employed by Hunt & Henriques, which is defendant Hunt & Henriques, Inc.'s counsel of record in this action.

3.  I am a custodian of Hunt & Henriques's business records.

4.  On September 29, 2016, I served separate unfiled copies of this notice of motion and motion on George Ordonez (c/o Therese M. Harris, Esq.), Therese M. Harris, Esq., and M. Harvey Rephen, Esq., by 1-day courier, with tracking numbers: 1Z09A75X0190683425, 1Z09A75X0192431434, and 1Z09A75X0192587446, respectively. Each of the above should have

Notice of Motion and Motion for Sanctions for Violation of Rule 11

received his or her copy on September 30, 2016. Under Federal Rule of Civil Procedure 11, the complaint should have been withdrawn or *appropriately* corrected on or before October 21, 2016, in order to avoid the possibility of the motion being filed.

5. At the time that I served the unfiled copies of this motion, I included in each envelope a cover letter advising of the safe harbor provision of FRCP 11 and requesting that the complaint against Hunt & Henriques, Inc., be withdrawn or appropriately corrected within 21 days. A true copy of that letter is attached as exhibit 1.

6. In order to ensure that the filed copy of this motion is the same as the unfiled copy served on the above, I did not sign this declaration until the day that it was filed, so that I could at that time declare under penalty of perjury that as of today, PACER does not reflect that the complaint against Hunt & Henriques, Inc., has been withdrawn or *appropriately* corrected. Rule 11 does not permit a party or attorney to evade liability for sanctions by making insufficient corrections, and does not require a party subject to a factually vapid complaint to repeatedly provide safe harbor opportunities to make insufficient corrections. If this motion is ever filed, it will be because plaintiff's complaint was not withdrawn and, if any corrections were made, the corrections were not appropriate; i.e., they were inadequate.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on ___November___   ___3___ , 2016, at San Jose, Santa Clara County, California.

Kurtiss Jacobs

Notice of Motion and Motion for Sanctions for Violation of Rule 11

STAMP TO AVOID
IMAGE DELETION

STAMP TO AVOID
IMAGE DELETION

STAMP TO AVOID
IMAGE DELETION

STAMP TO AVOID
IMAGE DELETION

# Exhibit 1

**HUNT & HENRIQUES**

|  | ATTORNEYS AT LAW | AREA CODE 408 |
|---|---|---|
| MICHAEL S. HUNT | 151 BERNAL ROAD, SUITE 8 | TELEPHONE 362-2270 |
| JANALIE HENRIQUES | SAN JOSE, CA 95119-1306 | FACSIMILE 362-2299 |

September 29, 2016

George Ordonez c/o                          UPS tracking no. 1Z09A75X0190683425
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles CA 93446

Therese S. Harris, Esq.                     UPS tracking no. 1Z09A75X0192431434
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles CA 93446

M. Harvey Rephen, Esq.                      UPS tracking no. 1Z09A75X0192587446
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles CA 93446

Re: Your action no. 2:16-cv-01596-TLN-GGH, *Ordonez v. Hunt & Henriques, Inc.*

Dear Mr. Ordonez, Ms. Harris, and Mr. Rephen:

On September 1, you were served electronically with Hunt & Henriques, Inc.'s answer, counterclaim, and anti-SLAPP motion. A sworn declaration in support of that motion, signed by a person competent to testify to the fact, pointed out that Hunt & Henriques, Inc., did not exist at the time that the events that you complain of took place. In fact, your own exhibit A judicially admitted this fact; thus, the fact is irrefutable.

Nevertheless, you have opposed the motion on the basis that Hunt & Henriques and Hunt & Henriques, Inc. are the same entity. Ms. Harris swore in ¶ 3 of her declaration that this was a fact. It is false. Hunt & Henriques continues to operate as a law partnership and Hunt & Henriques, Inc., exists as a legally distinct person that has never conducted any business. *None.*

Please be advised that if you do not dismiss your complaint against Hunt & Henriques, Inc. with prejudice within Federal Rule of Civil Procedure 11's 21-day deadline, then we intend to file the motion for sanctions that is being served under this letter. A second copy of this letter is attached as our exhibit 1, so that it will be part of our motion if the motion becomes necessary.

Sincerely,

Kurtiss A. Jacobs, LL.M., Hunt & Henriques
Attorneys for Hunt & Henriques, Inc.

# HUNT & HENRIQUES

ATTORNEYS AT LAW

AREA CODE 408

MICHAEL S. HUNT
JANALIE HENRIQUES

151 BERNAL ROAD, SUITE 8
SAN JOSE, CA 95119-1306

TELEPHONE 362-2270
FACSIMILE 362-2299

September 29, 2016

George Ordonez c/o
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles CA 93446

UPS tracking no. 1Z09A75X0190683425

Therese S. Harris, Esq.
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles CA 93446

UPS tracking no. 1Z09A75X0192431434

M. Harvey Rephen, Esq.
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles CA 93446

UPS tracking no. 1Z09A75X0192587446

Re: Your action no. 2:16-cv-01596-TLN-GGH, *Ordonez v. Hunt & Henriques, Inc.*

Dear Mr. Ordonez, Ms. Harris, and Mr. Rephen:

On September 1, you were served electronically with Hunt & Henriques, Inc.'s answer, counterclaim, and anti-SLAPP motion. A sworn declaration in support of that motion, signed by a person competent to testify to the fact, pointed out that Hunt & Henriques, Inc., did not exist at the time that the events that you complain of took place. In fact, your own exhibit A judicially admitted this fact; thus, the fact is irrefutable.

Nevertheless, you have opposed the motion on the basis that Hunt & Henriques and Hunt & Henriques, Inc. are the same entity. Ms. Harris swore in ¶ 3 of her declaration that this was a fact. It is false. Hunt & Henriques continues to operate as a law partnership and Hunt & Henriques, Inc., exists as a legally distinct person that has never conducted any business. *None.*

Please be advised that if you do not dismiss your complaint against Hunt & Henriques, Inc. with prejudice within Federal Rule of Civil Procedure 11's 21-day deadline, then we intend to file the motion for sanctions that is being served under this letter. A second copy of this letter is attached as our exhibit 1, so that it will be part of our motion if the motion becomes necessary.

Sincerely,

Kurtiss A. Jacobs, LL.M., Hunt & Henriques
Attorneys for Hunt & Henriques, Inc.

**HUNT & HENRIQUES**

ATTORNEYS AT LAW

| MICHAEL S. HUNT | 151 BERNAL ROAD, SUITE 8 | AREA CODE 408 |
| JANALIE HENRIQUES | SAN JOSE, CA 95119-1306 | TELEPHONE 362-2270 |
| | | FACSIMILE 362-2299 |

September 29, 2016

George Ordonez c/o                                  UPS tracking no. 1Z09A75X0190683425
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles CA 93446

Therese S. Harris, Esq.                             UPS tracking no. 1Z09A75X0192431434
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles CA 93446

M. Harvey Rephen, Esq.                              UPS tracking no. 1Z09A75X0192587446
M. Harvey Rephen & Associates, P.C.
935 Riverside Avenue, Suite 7B
Paso Robles CA 93446

Re: Your action no. 2:16-cv-01596-TLN-GGH, *Ordonez v. Hunt & Henriques, Inc.*

Dear Mr. Ordonez, Ms. Harris, and Mr. Rephen:

On September 1, you were served electronically with Hunt & Henriques, Inc.'s answer, counterclaim, and anti-SLAPP motion. A sworn declaration in support of that motion, signed by a person competent to testify to the fact, pointed out that Hunt & Henriques, Inc., did not exist at the time that the events that you complain of took place. In fact, your own exhibit A judicially admitted this fact; thus, the fact is irrefutable.

Nevertheless, you have opposed the motion on the basis that Hunt & Henriques and Hunt & Henriques, Inc. are the same entity. Ms. Harris swore in ¶ 3 of her declaration that this was a fact. It is false. Hunt & Henriques continues to operate as a law partnership and Hunt & Henriques, Inc., exists as a legally distinct person that has never conducted any business. *None.*

Please be advised that if you do not dismiss your complaint against Hunt & Henriques, Inc. with prejudice within Federal Rule of Civil Procedure 11's 21-day deadline, then we intend to file the motion for sanctions that is being served under this letter. A second copy of this letter is attached as our exhibit 1, so that it will be part of our motion if the motion becomes necessary.

Sincerely,

Kurtiss A. Jacobs, LL.M., Hunt & Henriques
Attorneys for Hunt & Henriques, Inc.