UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ORDONEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HUNT & HENRIQUES, INC.,<br><br>　　　　Defendant;<br><hr>HUNT & HENRIQUES, INC.,<br><br>　　　　Cross-complainant,<br><br>　v.<br><br>GEORGE ORDONEZ, and CHRISTIAN ORDONEZ,<br><br>　　　　Cross-defendants. | No. 2:16-cv-01596-TLN-GGH<br><br>**ORDER GRANTING PLAINITFF'S MOTION FOR LEAVE TO AMEND AND DENYING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS** |

This matter is before the Court pursuant to Defendant Hunt & Henriques, Inc.'s ("Defendant") Anti-SLAPP Motion (ECF No. 8), Plaintiff George Ordonez's ("Plaintiff") Motion for Leave to Amend (ECF No. 17), and Defendant's Motion for Sanctions (ECF No. 20). Both parties have filed oppositions and replies to the aforementioned motions. Having carefully considered the briefing by both parties, the Court hereby GRANTS Plaintiff's Motion for Leave

1

to Amend, DENIES Defendant's Anti-SLAPP motion as moot, and DENIES Defendant's motion for sanctions.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, George Ordonez, incurred debt that was allegedly transferred to Defendant, Hunt & Henriques, Inc. for collection. (ECF No. 1 at 1.) On July 13, 2015, Plaintiff received a message at his home telephone number. (ECF No. 1 at 4.) The caller identified himself as an employee of "The Law Offices of Hunt & Henriques" who was calling Plaintiff in an attempt to collect a debt. (ECF No. 1 at 4.) The voice message was heard by Plaintiff's son, Christian Ordonez, who consequently learned that his father was being sought by a debt collector and a law firm. (ECF No. 1 at 4.) Plaintiff subsequently obtained counsel, who informed Defendant that Plaintiff had representation. (ECF No. 1 at 4.) Almost two months later, on September 10, 2015, Plaintiff received another phone message from "The Law Firm of Hunt & Henriques. (ECF No 1 at 4.) Based on the call, Plaintiff commenced this action against Defendant. (ECF No. 1 at 4.)

In his complaint, Plaintiff alleged violations of §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"). (ECF No. 1 at 1.) Plaintiff also alleges that Defendant violated the Rosenthal Fair Debt Collection Practice Act, California Civil Code §1788 *et seq.* ("RFDCPA"). (ECF No. 1 at 2.)

Defendant filed a counterclaim alleging two causes of action for negligence and vicarious liability against Plaintiff. (ECF No. 7 at 7–10, 13.) Defendant also alleged three causes of action of tort against Plaintiff's son, Christian Ordonez, who was not a plaintiff in the complaint. (ECF No. 7 at 10–12.) Defendant filed an anti-SLAPP motion to strike under California Code of Civil Procedure § 425.16. (ECF No. 8.) Defendant alleges that Plaintiff does not have any probability of success on the merits as Hunt & Henriques, Inc. did not exist in 2015, when the actions pertaining to the allegations occurred. (ECF No. 8 at 15.) Plaintiff then filed a Motion for Leave to Amend, seeking to change the named defendant on the complaint from Hunt & Henriques, Inc. to Hunt & Henriques. (ECF No. 17.) Defendant then filed a motion for Rule 11 sanctions against Plaintiff, Plaintiff's counsel, Ms. Harris, and Ms. Harris' law partner, M. Harvey Rephen ("Mr. Rephen"). (ECF No. 20.)

**II. STANDARDS OF LAW**

A. Motion for Leave to Amend

Motions to amend are governed by Rule 15(a) of the Federal Rules of Civil Procedure. A party may amend their pleading once as a matter of course within twenty-one days of service, or, if the pleading is one which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). After that period, the decision to grant or deny leave to amend lies within the discretion of the court or the opposing party. *See Swanson v. United States Forest Serv.,* 87 F.3d 339, 343 (9th Cir. 1996). However, Rule 15(a) provides the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, Rule 15(a) is applied with "extreme liberality." *Eminence Capital, LLC. v. Aspeon, Inc.,* 316 F.3d 1048, 1051 (9th Cir. 2003).

The Court considers five factors when assessing the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiffs have previously amended their complaint. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir. 1990). Prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC.,* 316 F.3d at 1052.

B. Motion for Sanctions

Federal Rule of Civil Procedure 11(c) permits the court to impose sanctions on any attorney, law firm, or party for violating Rule 11(b), which provides:

> "By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."

Fed. R. Civ. P. 11(b)(3). The purpose of Rule 11 is to discourage wasteful, costly litigation battles by mandating imposition of sanctions when a lawyer's position, after reasonable inquiry, will not support a reasonable belief that there is a sound basis in law or in fact for the position

taken. *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1538 (9th Cir. 1986). This is an objective standard. *Id.* All doubts must be resolved in favor of the signer of the pleading. *Associated Indem. Corp. v. Fairchild Industries, Inc.*, 961 F.2d 32, 34 (2d Cir. 1992).

Rule 11(c)(1), the "safe harbor provision," requires the party claiming sanctions to notify the nonmoving party of the motion for sanctions and request for correction. Fed. R. Civ. P. 11(c)(2); *Holgate v. Baldwin,* 425 F.3d 671, 678 (9th Cir. 2005). The nonmoving party will not be subject to sanctions on the basis of the motion, unless, after receiving notice of the motion, it refused to withdraw that position or acknowledge candidly that it does not currently have evidence to support the particular allegation. *Barber v. Miller,* 146 F.3d 707, 710 (9th Cir. 1998).

When evaluating a motion for sanctions, courts should inquire into what is reasonable to believe at the time the pleading, motion, or other paper was submitted. Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment. Rule 11 is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment. When a violation is found, the court has no discretion to refuse sanctions, only to determine the nature and amount of sanctions imposed. *Golden Eagle,* 801 F.2d at 1536. Rule 11 sanctions must be limited to what suffices to deter repetition of the conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4); Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. A district court's award of Rule 11 sanctions is reviewed for abuse of discretion. *Barber*, 146 F.3d at 709.

**III.** **ANALYSIS**

A. MOTION FOR LEAVE TO AMEND

Plaintiff requests leave to amend in order to name the true defendant, Hunt & Henriques. (ECF No. 17-1 at 2.) Plaintiff asserts he should be granted leave to amend because it was not until Defendant Hunt & Henriques, Inc. filed its anti-SLAPP motion to strike the complaint that Plaintiff was able to determine the alleged violations were actually committed by Hunt & Henriques, not Hunt & Henriques, Inc. (ECF No. 17-1 at 2.)

The Ninth Circuit emphasizes five factors when evaluating the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of

4

amendment, and (5) whether the plaintiffs have previously amended their complaint. *Allen,* 911 F.2d at 373. After thorough evaluation, the Court finds that the factors weigh in Plaintiff's favor.

First, the Court does not find any evidence of bad faith on the part of Plaintiff. Defendant does allege in his motion for sanctions that Plaintiff was aware Defendant and Hunt & Henriques were two separate entities when they filed suit. (ECF No. 20 at 14-15.) However, Defendant filed a counterclaim, which would indicate to Plaintiff that they had sued the correct party. (ECF No. 7.) Furthermore, Defendant acknowledged in their anti-SLAPP motion that a partner at Hunt & Henriques is a shareholder of Hunt & Henriques, Inc., so such a belief by Plaintiff is not unreasonable. (ECF No. 8 at 15.) Given these facts put forward by Defendant, the Court chooses to exercise its discretion and find that Plaintiff is not acting in bad faith when seeking leave to amend. *See Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 532 (9th Cir. 2008); *Swanson,* 87 F.3d at 343.

In regards to prejudice, this Court finds there would be no prejudice against Hunt & Henriques. Hunt & Henriques have been involved in this suit from the beginning. Plaintiff asserts his proposed First Amended Complaint is based upon the exact same claims and is subject to the exact same defenses as his original complaint. (ECF No. 17-1 at 5.) Plaintiff also states the parties have discussed the proposed amendment in detail prior to filing this motion so Defendant would not be unduly surprised. (ECF No. 17-1 at 5.) Additionally, Hunt & Henriques has been representing Hunt & Henriques, Inc. throughout this suit and therefore are aware of the facts and allegations in the case. (ECF No. 6.) In *AmerisourceBergen Corp v. Dialysist West, Inc.,* 465 F.3d 946, 953 (9th Cir. 2005), the Ninth Circuit denied plaintiff's motion to amend as the proposed amendment was a "drastic change" in litigation theory that required proof of different facts. *See also Morongo Band of Mission Indians v. Rose,* 93 F.3d 1074, 1079 (9th Cir. 1990) (upholding denial of leave to amend on the basis of dilatoriness and prejudice where Morongo Indians introduce new legal theory well into litigation.) This is not the case here as the First Amended Complaint does not contain any new allegations — the only change is the name of the defendant. (ECF No. 18-1.) Therefore, the Court finds there is no prejudice.

For the same reasons, this Court finds amending this complaint would not cause undue delay. In *Howey v. United States,* 481 F.2d 1187, 1191 (9th Cir. 1973), proposed amendments to a third party complaint were upheld because the history of the litigation showed that the third-party defendant was fully prepared to litigate the substantive issues raised by the amended complaint. The Ninth Circuit specifically noted that the third party defendant's preparation of a defense against the plaintiff's claims covered the same area which would be explored by the third party complaint. *See id.* As Hunt & Henriques has been representing Hunt & Henriques, Inc. throughout the lawsuit and there are no new allegations, the "area" covered by the amended complaint covers the same "area" as the original. Additionally, as counsel for Defendant, Hunt & Henriques is well aware of the complaint and its allegations and should be fully prepared to litigate.

The Court next considers whether granting leave to amend would be futile. Defendant argues[1] any amendment put forward by the Plaintiff would be futile because he sued Hunt & Henriques, Inc, which did not exist at the time the allegations took place. (ECF No. 8 at 16.) However, Defendant's argument is not applicable because Plaintiffs are seeking leave to amend in order to effectively swap out Hunt & Henriques Inc. for Hunt & Henriques — Plaintiff is not seeking to amend the allegations first brought against Hunt & Henriques, Inc. (ECF No. 17-1 at 5.) Furthermore, as Hunt & Henriques was around at the time of the allegations, swapping the Defendants effectively cures the complaint of its futility. Therefore, the Court does not find Plaintiff's motion to be futile.

Finally, this is Plaintiff's first attempt to amend the complaint. This Court recognizes that leave to amend should be granted liberally. *Eminence Capital,* 316 F.3d at 1051. There is no evidence of gamesmanship on part of Plaintiff. *Fink v. Shelder,* 192 F.3d 911, 916-17 (9th Cir. 1991) (viewing plaintiff's attempt to amend the complaint four times as not a "reasonable and good faith" effort.)

---

[1] Defendant brought this argument in his anti-SLAPP Motion to Strike (ECF No. 8) and not in his opposition to the motion for leave to amend (ECF No. 23).

6

1   Defendant filed a response opposing the motion to amend, but did not bring up any of the
2   five factors utilized by the Ninth Circuit in evaluating motions to amend.  (ECF No. 23 at 4.)
3   Instead, Defendant pointed the Court to arguments made in Defendant's anti-SLAPP Motion and
4   Rule 11 motion as to why the motion to amend should be denied.  (ECF No. 23 at 4.)  Defendant
5   then mainly emphasized Plaintiff should not be allowed to evade responsibility for damage done
6   to Hunt & Henriques, Inc. in the form of the attorney's fees incurred while filing Defendant's
7   motion to strike.  (ECF No. 23 at 4.)  Defendant's arguments are unpersuasive and off point.

8   As stated above, this Court finds that the factors as to whether to grant leave to amend
9   weigh in favor of Plaintiff. Therefore, this Court grants Plaintiff leave to amend.

### B. MOTION FOR SANCTIONS

11  Defendant moves for Rule 11 sanctions against Plaintiff, Plaintiff's counsel, Therese
12  Harris, and counsel's partner, Mr. Rephen for the allegations made against Hunt & Henriques,
13  Inc. (ECF No. 20 at 2.)  Defendant alleges that because the complaint was filed against the wrong
14  person, Plaintiff's allegations and other factual contentions have no evidentiary support, a
15  violation of Rule 11(b)(3).  (ECF No. 20 at 2.)  Additionally, Defendant contends that this motion
16  was appropriately filed with the Court as neither Plaintiff, Plaintiff's counsel, nor Mr. Rephen
17  withdrew or appropriately corrected the complaint within twenty-one days of service of an unfiled
18  copy of the notice and sanctions.  (ECF No. 20 at 7-8.)

19  In Plaintiff's opposition to Defendant's motion for Rule 11 sanctions, Plaintiff alleges
20  Defendant's motion did not comply with the "safe harbor provision" outlined in Rule 11(c).
21  (ECF No. 24 at 5.)  Plaintiff contends Defendant purposefully served Plaintiff, Plaintiff's counsel
22  and Mr. Rephen with notice of Rule 11 sanctions during a period he knew Plaintiff's counsel was
23  unavailable.  (ECF No. 24 at 6.)  Since Plaintiff's counsel filed a Motion to Amend the Complaint
24  within nine days of *actual* notice, Defendant's motion for sanctions should have never been filed
25  with the Court.  (ECF No. 24 at 6.) (emphasis added).  This Court agrees.

26  The advisory committee notes to the 1993 amendment of Rule 11 explain as follows:

27  > To stress the seriousness of a motion for sanctions and to define
    > precisely the conduct claimed to violate the rule, the revision
28  > provides that the "safe harbor" period begins to run only upon

> service of the motion. In most cases, however, counsel should be
> expected to give informal notice to the other party, whether in
> person or by telephone call or letter, of a potential violation before
> proceeding to prepare and serve a Rule 11 motion.

Fed. R. Civ. Pro. 11 advisory committee notes to the 1993 amendments. The Ninth Circuit has indeed recognized that the purpose of the safe harbor provision is to provide parties with notice and *adequate opportunity* to cure the alleged deficiencies. *Holgate v. Baldwin*, 425 F.3d 671, 679 (9th Cir. 2005) (emphasis added). In *Barber v. Miller*, the Ninth Circuit found that because plaintiff's counsel was not given the opportunity to respond to defendant's motion by withdrawing his claim he was not given opportunity to protect himself and denied the motion for sanctions. 146 F.3d at 710.

Similarly, neither Plaintiff, Plaintiff's counsel, nor Mr. Rephen had adequate opportunity to protect themselves. On September 7, 2016, Plaintiff's counsel submitted a Notice of Unavailability of Counsel, letting the Court and opposing counsel know she would be unavailable September 30, 2016, through October 19, 2016[2]. (ECF No. 10.) On September 29, 2016, three weeks after the notice of unavailability was filed, Defendant *mailed* notice of the motion for sanctions, as required by Rule 11, to Plaintiff, Plaintiff's counsel, and Mr. Rephen.[3] (ECF No. 24 at 5.) Though Defendant's counsel had been given notice that Plaintiff's counsel was going to be out of the office the next day, the letters were allegedly all addressed to her law firm.[4] (ECF No. 24 at 6.) In addition to the notice of sanctions, Defendant's counsel allegedly also emailed Plaintiff's counsel on September 29th, ten minutes before she left on vacation, regarding a settlement agreement. (ECF No. 24 at 6.) Plaintiff's counsel states the email never mentions Rule 11 or that a Rule 11 letter was mailed to counsel's office that same day. (ECF No. 24 at 6.)

The Court acknowledges notice via email is insufficient by itself to trigger the "safe-harbor" period. *See Barber*, 146 F.3d at 710 (noting that it would go against the purpose of Rule 11 to permit informal notice to substitute for a formal motion.) However, courts do expect some

---

[2] Despite Plaintiff's counsel's notice to the court and other parties, she did not return to the office until October 21, 2016. (ECF No. 24 at 6.) She cites illness as the reason for her two day delay. (ECF No. 24 at 6.)
[3] The Court is unclear when Plaintiff's counsel received the Rule 11 letter. In the opposition, counsel does not state when her office received it. However, the Court presumes at least one day was necessary for delivery.
[4] Counsel states Mr. Rephen has his offices located in New York and Defense Counsel is aware of this address. Notice was not sent to Mr. Rephen's New York office.

forms of informal notice to accompany formal motions. *See* Fed. R. Civ. P. 11 advisory committee notes to the 1993 amendments. As it was, once she returned from her period of unavailability, Ms. Harris only had two days remaining within the safe harbor period to correct the complaint. (ECF No. 24 at 6.) Defendant's actions would have better aligned with the purpose of the rule if they had provided Plaintiff's counsel informal notice or not waited until the day before her noted unavailability.

As notice for all parties were mailed to Ms. Harris' office, Plaintiff and Mr. Rephen experienced the same handicap. (ECF No. 24 at 5–6.) Defendant's decision to serve notice during that time period can only be viewed as gamesmanship and given the seriousness of Rule 11 sanctions, the Court cannot award that strategy. Further, once Ms. Harris returned to the office and received notice, she filed a Motion for Leave to Amend within nine days of receiving notice, seeking to change the named defendant to Hunt & Henriques — the exact change Defendant requested. (ECF No. 18-1.)

Though Defendant puts forward an argument that an offending party cannot just inappropriately correct the challenged paper, (ECF No. 20 at 8), Defendant puts forward no case law to guide the Court in defining "inappropriate correction." Therefore, the Court does not address that argument.

Accordingly, the Court DENIES Defendant's motion for sanctions against all parties for failure to adequately comply with the safe harbor provision.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend (ECF No. 17) is hereby GRANTED, and Defendant's motion for sanctions under Rule 11 (ECF No. 20) is hereby DENIED. Therefore, Defendant's Anti-SLAPP motion (ECF No. 8) is hereby DENIED as moot.

IT IS SO ORDERED.

Dated: August 17, 2017

Troy L. Nunley
United States District Judge